## MURPHY & PIERSON v. GEE.

1. When the suit is against the indorser of a note not negotiable, after a failure to recover in a suit against the maker, commenced with the statutory diligence, the declaration must show the suit against the maker was decided by a judgment upon *the merits of the note;* and a declaration is defective if it alledges only the determination of the suit in *favor of the* maker.

Writ of Error to the Circuit Court of Wilcox.

ASSUMPSIT by Murphy & Pierson, as the indorsees of a note, made by C. Pritchett, against Gee as the indorser. The note is dated 21st April, 1842, for the sum of $750, payable on the 1st March, 1843, to Sterling H. Gee, or order, and by him indorsed to the defendant, and by him to the plaintiffs.

The declaration sets out the note and indorsements in the usual mode; avers that the note was not paid at maturity, and that the plaintiffs commenced suit against the maker, on the 3d of March, 1843, in the Circuit Court of Clarke county; that county being the residence of the maker, and that court the first to which he could be sued. It then proceeds to aver, that the said suit was prosecuted in due form of law,

against the maker, and that afterwards, on the 31st March, 1845, judgment was rendered in that suit in favor of the maker, against the plaintiffs.

From these facts the liability of the defendant is deduced, and the declaration concludes with a *super se assumpsit* and breach.

The defendant demurred, and the court sustained the demurrer and final judgment was given for him.

This is now assigned as error.

C. C. Sellers, for the plaintiff in error.

J. D. Jenkins, contra.

GOLDTHWAITE, J.—In the recent decision of Hagerthy v. Bradford, at this term, we held, that whenever an indorsee, in his suit against the maker, fails upon the merits of the cause, in obtaining a judgment for the amount of the note, such judgment is *prima facie* evidence in all cases to charge the indorser, when the suit is commenced with the statutory diligence.

From this decision, we may deduce the rule of pleading proper to suits against the indorser, upon the failure to recover from the maker. The averments of the declaration, in our judgment, should show the suit was determined in favor of the maker, *upon the merits of the note.* The averment here is, that the judgment was rendered in favor of the maker; and this might be as well on some defence against the indorsee, as upon the merits of the note. We think the averments do do not sufficiently show the suit against the maker was determined on the merits of the note, and therefore the declaration is defective.

Judgment affirmed.