## YOUNG vs. FULLER.

[ACTION ON PROMISSORY NOTE BY PAYEE AGAINST MAKER.]

1. *Validity of subsequent contract between endorsee and endorser.*—The endorser and endorsee may, by contract subsequent to the endorsement, rescind or modify it ; and such subsequent contract, so far as it conflicts with the endorsement, will control it.

2. *Construction of such subsequent contract.*—A contract, by which the endorser agrees to extend the statutory time for the institution of a suit against the maker, and to repay the consideration in the event the note is proved to be void for fraud, or for want of consideration, or paid off, or reduced by sets-off, imposes on him the risk of the specified defenses only, but not that of the statute of limitations ; and if a recovery on the note is defeated alone by the plea of the statute of limitations, the contract is no defense to an action on the note which constituted the consideration of the endorsement.

3. *Admissibility of parol evidence to affect record.*—Where issue is joined on several pleas, and the jury find a general verdict in favor of the defendant, parol evidence is admissible, in aid of the record, to show on what plea the cause was decided.

APPEAL from the Circuit Court of Benton.

Tried before the Hon. EDMUND W. PETTUS.

THIS action was brought by Isaac W. Fuller against Fleming Young and William Young, and was founded on

the defendants' promissory note for $100, dated March 6, 1845, and payable twelve months after date to said Isaac W. Fuller. The defendants pleaded the general issue, with leave to give any special matter in evidence. On the trial, as appears from the bill of exceptions, after the plaintiff had offered in evidence the note declared on, the defendants read in evidence to the jury, after proving its execution, a written instrument, signed by Fleming Young and Isaac W. Fuller, which was as follows :

"STATE OF ALABAMA, ) This is to certify, that I, Fleming Benton county. ) Young, of the county and State aforesaid, did on the 28th day of February, 1845, purchase from Isaac W. Fuller a part of a note of hand on Benjamin Fuller, which note is for $1,112, dated August 7, 1838, and due on the 1st January thereafter ; with a credit of $95, dated 8th December, 1841. Said note was, on the 28th February, 1845, transferred to said Fleming Young by said Isaac W. Fuller. Now the said Young bought an interest, to the amount of $800, in said note. The remainder of principal, and all the interest then due, still belongs to said Isaac W. Fuller. And the said Isaac W. Fuller agrees, that if said note is proven to be void for want of consideration, or reduced by lawful off-sets, so that said Fleming Young loses his interest in said note by such off-sets or want of consideration, then the said Isaac W. Fuller [is] to return the property paid for said interest in said note—to-wit : one gold watch, worth $100 ; one horse, worth $75 ; one note on Fleming Young, for $375, balance after credits now due ; and one note on Fleming Young and William Young, for $100, dated March 6, 1845. But if it should appear that said note on Benjamin Fuller is a *bona-fide* note, and given for a valuable consideration, and not paid off, or reduced under $800 by legal off-sets, then the said Isaac W. Fuller [is] to keep said property and receive the full amount of money and interest for said notes of Fleming Young and William Young. And said Fleming Young [is] to use all due diligence to prove said note on Benjamin Fuller to be a *bona-fide* note, by the first day of January, 1847, or as soon thereafter as practicable, at his (Fleming Young's) own expense and cost, and not to charge any of the cost or expense of procuring said proof

to the said Isaac W. Fuller ; and the said Fleming and William Young are bound to pay the said Isaac W. Fuller the full amount of their notes, and interest, notwithstanding Fleming Young may fail to make the full amount of $800 out of Benjamin Fuller's property. Signed, sealed, delivered, and acknowledged, the 2d day of April, 1845."

The defendants then read in evidence the said note on Benjamin Fuller mentioned in the above agreement, with the credit and endorsement thereon ; the credit being dated December 28, 1841, and the endorsement to Fleming Young February 28, 1845. They then offered in evidence a transcript from the records of the circuit court of Cherokee, showing the proceedings and judgment in the suit instituted by Fleming Young against Benjamin Fuller on said note. This action was commenced in September, 1848, and the judgment was rendered in April, 1853. The pleas were *non assumpsit,* payment, set-off, fraud, failure of consideration, and the statute of limitations of six years ; and upon each of these pleas issue was joined. Judgment was rendered in favor of the defendant, on the verdict of a jury. "The plaintiff offered parol proof, conducing to show that said cause went off alone upon the defense of the statute of limitations. To this proof the defendants objected, on the ground that the record was conclusive on the point ; and because it contradicted the record, and was illegal. But the court overruled the objection, and permitted the evidence to go to the jury ; and the defendants excepted."

"This being all the evidence, the court charged the jury, that if they believed the note on which Fleming Young brought suit against Benjamin Fuller was executed in good faith, and for a valuable consideration, and had not been paid at the time it was transferred to Young ; and that, on the trial of the suit on said note, no testimony was offered by the plaintiff except the note itself ; and that the defendant offered no evidence at all ; and that a recovery was defeated alone by the plea of the statute of limitations ; and that the note now sued on was given in consideration of the endorsement of the note on Benj. Fuller ; and that said endorsement was made under the agreement between said Fleming Young

and Isaac W. Fuller which had been read in evidence,—then the jury should find a verdict for the plaintiff."

The defendants excepted to this charge, and they now assign it as error, together with the rulings of the court on the evidence.

ALEX. WHITE, for the appellants.—1. There was but one contract between the parties, though there were two writings; and that contract was evidenced by the endorsement of Benjamin Fuller's note, on the 28th February, 1845. At the time of this endorsement, the note was barred by the statute of limitations; and the effect of the endorsement was to guaranty that the maker would not plead the statute. Every endorser guaranties the *bona fides* of the note which he transfers. This is attempted to be more fully set forth in the subsequent agreement between the parties, dated April 2, 1845, which is very inartificially drawn; but the contract, taken as a whole, shows that there was really no consideration for the note sued on, except the transfer of the note on Benj. Fuller; and this note proving unavailable, from a defense which was full and complete when the note sued on was given, makes out an entire failure of consideration.

2. The record offered in evidence showed that issues were joined on several pleas, all of which were found by the jury in favor of the defendant. To prove by parol that the case was decided on a single plea, would be to contradict the record as to facts upon which it is conclusive.—Betts v. Starr, 5 Conn. 550–54; Starkie v. Woodward, 1 Nott & McCord, 329; Cist v. Zeigler, 16 Serg. & Rawle, 282; Gardner v. Buckbee, 3 Cowen, 120; Wright v. Butler, 4 Wendell, 284.

JAMES B. MARTIN, *contra.*—1. The note sued on is dated the 6th March, 1845; while the agreement set up in defense bears date the 2d April thereafter. This instrument recites another contract, made on the day of its date; but no new consideration is mentioned, and none was proved. It was impotent, therefore, to destroy a right of action which was perfect more than a month before that time.—Sawyer v. Hill, 12 Ala. 575; Freeman v. Baldwin, 13 Ala. 246; Jackson v. Jackson, 7 Ala. 791; Pounds v. Richards, 21 Ala. 424.

2. Admitting the validity of the subsequent agreement, what is its effect? The first contract resulted in the giving of the note here sued on, with the right to collect it when due ; while the second contract so restricted the first, as not to allow the collection of said note in the event the defendants used due diligence to prove the *bona fides* of the note on Benj. Fuller by the 1st January, 1847. The defendants' proof strongly tends to show the want of diligence, and there is no proof of its exercise. The plaintiff's right of action, being then freed from the restriction, was again perfect. The credit on Benj. Fuller's note is dated Dec. 28, 1841 ; which shows that, if suit had been brought within a reasonable time, the note might have been collected.

3. The plaintiff did not undertake by the written agreement to indemnify the defendant against the plea of the statute of limitations. If the record of the case of Young v. Benj. Fuller was evidence at all, it was competent for the plaintiff to show by parol on what ground the judgment was rendered ; a fact as to which the record was silent.—Parker v. Thompson, 3 Pick. 429 ; Wood v. Jackson, 8 Wendell, 9 ; Davidson v. Shipman, 6 Ala. 27 ; Tarleton & Pollard v. Johnson, 25 Ala. 300 ; Cowen & Hill's Notes to Phillipps on Evidence, part II, p. 13.

RICE, C. J.—After the note on Benjamin Fuller had been endorsed by the plaintiff to Fleming Young, the endorser and endorsee had the right to rescind or modify the contract evidenced by the endorsement, and to put their contract in any shape they pleased. In the exercise of that right, they made the agreement which was read in evidence. That agreement violates no rule of law. It was subsequent to the endorsement, and in relation to the same subject-matter ; and it must, therefore, control the endorsement; so far as it may conflict with it.—Lightfoot v. Strahan, 7 Ala. R. 444. It provides that, " if said note is proven to be void for *want of consideration, or reduced by lawful off-sets*, so that said Fleming Young loses his interest in said note by *such off-sets or want of consideration*, then the said Isaac W. Fuller *to return the property* paid for said interest in said note, to-wit, one gold watch," &c., &c. * * * " But if it should appear that said

note on Benjamin Fuller is a *bona-fide note, and given for a valuable consideration, and not paid off, or reduced under eight hundred dollars by legal off-sets*, then the said Isaac W. Fuller to keep said property and receive the full amount of money and interest for said notes of Fleming Young and William Young ; and said *Fleming Young to use all due diligence to prove said note on Benjamin Fuller to be a bona-fide note by the first of January*, 1847, *or as soon thereafter as practicable*, at his, Fleming Young's, own expense and costs, and not to charge any of the cost or expense of procuring said proof to the said Isaac W. Fuller," &c., &c.

By that agreement, the plaintiff (Isaac W. Fuller) took upon himself the risk of the defenses to the note on Benjamin Fuller, which were mentioned and specified in the agreement, to-wit, *want of consideration, set-off, and fraud*. But he certainly did not take upon himself the risk of the defense of the statute of limitations. The terms of the agreement exempt him from the risk of that defense, upon the maxim, *expressio unius exclusio alterius*. It was therefore proper to allow the plaintiff to introduce the parol evidence, to show that the suit brought by Young against Benjamin Fuller, on the note of the latter, " went off alone upon the defense of the statute of limitations." That evidence did not contradict the record, but was consistent with it, and explained and gave point and direction to it.—Rakes v. Pope, 7 Ala. 161.

We understand the charge of the court as asserting, in substance, that if in the suit of Young against Benjamin Fuller, which was not commenced and prosecuted with the statutory diligence, a recovery was defeated alone by the plea of the statute of limitations, that recovery alone would not, under the agreement between Isaac W. Fuller and Fleming Young hereinabove noticed, amount to a defense to the present suit. And we regard the charge as correct.—Murphy v. Pearson, 9 Ala. Rep. 276.

There is no error, and the judgment is affirmed.

WALKER, J., not sitting.