# Smith *v.* State.

*Indictment for Using Vulgar Language.*

1. *Different offenses ; what indictments charge prima facie.*—Prima facie, an indictment against James Henry Smith for uttering vulgar language in the dwelling house of John S. Turner, charges a distinct offense from that set forth in an indictment against Henry Smith for uttering such language in the dwelling house of Sarah Holly ; and where the former indictment and proceedings thereon are relied on to prevent the defense of the statute of limitations against the last indictment, it must be shown that the same offense and offender were charged in both indictments, and this may be done by parol.

2. *Entries ; what not admissible evidence, of a nolle pros.*—An entry on the docket of the presiding judge, not shown to be in his own hand-writing, is not admissible evidence to show that an indictment had been *nolle pros'd*, and the defendant held to answer, &c.; such entry is in no sense a record, though it would furnish sufficient basis for making a record of the proceedings.

APPEAL from Cleburne Circuit Court.

Tried before Hon. WILLIAM L. WHITLOCK.

The appellant, under the name of James Henry Smith, was indicted at the Spring term, 1878, of the Circuit Court of Cleburne county, for using vulgar and abusive language in the house of John S. Turner, and in the presence of females. On the trial, the State offered evidence tending to show that the appellant had, about the middle of November, 1875, made

use of vulgar language as charged in the indictment, and that the house was then occupied by said John S. Turner, and one Sarah Holly, jointly. The defendant having introduced testimony in rebuttal, asked the court to instruct the jury, "That it devolved on the State to show, beyond all reasonable doubt, that the offense was committed by the defendant within twelve months before the finding of the indictment in this case," when the State solicitor, in order to avoid the question of the statute of limitations, as raised by this charge, offered in evidence an indictment found at the Fall term, 1876, which charged that Henry Smith entered the dwelling-house of Sarah Holly, and in the presence of the family, &c., made use of vulgar language, &c. The defendant objected to the introduction of this indictment, on the ground that it charged a different and distinct offense from that charged in the indictment on which the defendant was put on trial, and was illegal and irrelevant, but the court overruled his objections, admitted the indictment, and defendant excepted. The State then offered the following entries on the judge's docket, ordering a *nolle prosqui* of the indictment so offered: "Indictment quashed." "Defendant held over to answer a new indictment in the sum of one hundred dollars." No other judgment had been entered. The defendant objected to the admission of these entries, on the ground "that no judgment had been entered quashing the indictment, and holding defendant over to answer a new indictment, and that the entries made on the judge's docket were not such entries of record as could or would arrest the statute of limitations." The court overruled the objections, and admitted the entries, and the defendant excepted. The defendant again requested in writing the charge set out above, which the court refused to give, and he excepted.

Geo. W. Parsons, for appellant.

Henry C. Tompkins, Attorney-General, *contra.*

STONE, J.—It is urged in favor of the ruling of the Circuit Court that the case of *Foster v. The State,* 38 Ala. 425, settles the questions presented by this record adversely to appellant. We do not think the cases entirely analogous. In allowing the entries on the judge's docket to be read to the jury, we think the Circuit Court erred. The bill of exceptions does not inform us in whose hand-writing those entries were, nor by whom made. If it appeared that they were in the proper hand-writing of the presiding judge, they furnished sufficient authority for making a record of the pro-

[Lehman Bros. v. Bradley et al.]

ceedings ; but they were in no sense a record.—1 Brick Dig. 78–9, §§ 137, 138, 139, 145, 147, 148, 153.

There is a discrepancy which should have been explained. The first indictment was against Henry Smith, and charged that he uttered the offensive language in the dwelling house, &c., of Sarah Holly.   The second indictment is against James Henry Smith, and described the place as the dwelling house of John S. Turner.   *Prima facie*, these are two distinct offenses, and the prosecution of one could not prevent the running of the statute against the other.   If the offense was one, and the offender the same, this should have been shown. The witnesses could have explained it.—*Thomason v. Odum*, 31 Ala. 108; *Evans v. Billingsley*, 32 Ala. 392 ; *Davidson v. Shipman*, 6 Ala. 27 ; *State v. Matthews*, 9 Por. 370 ; 1 Brick. Dig. 860, §§ 799, 800 ; *Blackburn v. Winter*, 22 Ala. 613 ; *Young v. Fuller*, 29 Ala. 464.

Reversed and remanded.   Let the defendant remain in custody until discharged by due course of law.