## JOHN SWALLEY *et al.*

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield January 22, 1886.*

1. CRIMINAL LAW — *limitations* — *excluding time of pendency of prior indictment.* The words "set aside," in section 318 of the Criminal Code, providing that where an indictment is quashed, or the proceedings on the same set aside or reversed on writ of error, the time during the pendency of such indictment so quashed, etc., shall not be reckoned within the time limited by this act, so as to bar any new indictment, etc., are broad enough to include an indictment terminated by the entry of a *nolle prosequi.*

2. So where a *nolle prosequi* has been entered as to an indictment, the time from the finding of such indictment to its dismissal will not be counted within the time limited for the prosecution of the offence.

3. SAME — *parol evidence* — *to show identity of offence charged in the two indictments.* Where an indictment against a party for burglary has been nol prossed, and a new one found, it is competent to show by parol evidence that the crime charged in both indictments is one and the same, and thus defeat the operation of the Statute of Limitations.

WRIT OF ERROR to the Circuit Court of Sangamon county; the Hon. WILLIAM L. GROSS, Judge, presiding.

Messrs. MURRAY & MITCHELL, and Mr. G. W. MURRAY, for the plaintiffs in error:

In order to maintain a prosecution for the crime of burglary, the accused must be indicted within three years from the time of the commission of the crime, (Crim. Code, sec. 315,) unless a former indictment for the same offence had been previously pending and had been quashed, etc. Sec. 318.

The question whether two indictments charge the same offence must be determined by an inspection and comparison of the two indictments, without the aid of extrinsic evidence. *Durham* v. *People*, 4 Scam. 172.

The offences charged in two indictments are not the same when the two are so diverse as to preclude the same evidence

from sustaining both; and the test is, whether if what is set out in the second indictment had been proved under the first, there could have been a conviction. *Hite* v. *State*, 9 Yerg. 357; *People* v. *Warren*, 1 Parker's C. C. 338; *People* v. *Allen*, id. 445; *Durham* v. *People*, 4 Scam. 172; 1 Bishop on Crim. Law, 1051, 1052.

The entry of a *nolle prosequi* is analogous to the entry of a voluntary nonsuit in a civil action, and does not affect the question. *Holmes* v. *Railroad Co.* 94 Ill. 439.

Mr. GEO. HUNT, Attorney General, and Mr. JAMES B. JONES, State's Attorney, for the People:

The entry of a *nolle prosequi* in the first indictment was "setting aside" the proceedings in that case, in pursuance of section 318 of the Criminal Code, and the time such indictment was pending should be deducted from the time of the commission of the offence and the finding of the second indictment. Wharton on Crim. Pl. & Pr. (8th ed.) sec. 325; *Foster* v. *State*, 38 Ala. 435; *State* v. *Hailey*, 6 N. C. 42.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

In this case John Swalley and Daniel Overstreet were convicted of the crime of burglary. The only question which is presented is upon the statute of limitation of three years. The crime was committed in the month of August, 1881. The indictment was found at the February term of court, 1885, and charged that John Swalley and Daniel Overstreet, on the second day of February, 1885, at the county of Sangamon, in this State, a certain building, the same being a certain office of John Morris, Patrick Harris and Hannah E. Hutton, partners, as Morris, Harris & Co., did burglariously break and enter, etc.

To avoid the bar of the Statute of Limitations, the People introduced in evidence an indictment found at the May term, 1884, of the court, which charged that John Swalley, Daniel

Overstreet, James Arnold and Richard Mines, on the first
day of May, 1884, at the county of Sangamon, in this State,
a certain building, the same being a certain mill of John
Morris, Patrick Harris and Hannah F. Hutton, partners, as
Morris, Harris & Co., did burglariously break and enter, etc.
At the October term of the court, 1884, the State's attorney
entered a *nolle prosequi* to that indictment, and the court
ordered that the defendants therein be discharged, which was
done on December 29, 1884, and the People made proof, by
the testimony of witnesses, that the offences charged in the two
indictments were one and the same offence. This proof was
made against the objection of the defendants that the question
of the identity of the offence charged in the two indictments
could only be determined by an inspection and comparison
of the indictments, without the aid of extraneous circum-
stances. *Durham* v. *The People*, 4 Scam. 172, is referred to
by defendants' counsel as sustaining the objection. This is
evidently a misapprehension of that decision. That was a
case of demurrer to a plea of a former acquittal, and it was
said the question whether the indictments were for the same
offence must be determined by an inspection of the indict-
ments, as nothing but the facts appearing from the record
were pleaded. That does not conflict with the rule that
the identity of the offence may be shown by parol evidence.
3 Greenleaf on Evidence, sec. 36; Wharton on Crim. Pl. &
Pr. sec. 481.

Section 318 (Rev. Stat. 1874, ch. 38,) of the Criminal Code
is as follows: "Where an indictment, information or suit is
quashed, or the proceedings on the same are set aside or
reversed on writ of error, the time during the pending of such
indictment, information or suit so quashed, set aside or re-
versed shall not be reckoned within the time limited by this
act, so as to bar any new indictment, information or suit for
the same offence." If the time of the pendency of the first in-
dictment be excluded, the three years' limitation had not run,

and the bar of the statute had not accrued at the time of the finding of the second indictment. Whether the time during which the first indictment was pending is not to be reckoned, depends upon whether the proceedings on the first indictment were "set aside," within the meaning of the section above cited. The section names three modes of disposition of the indictment: quashing it, reversal of the proceedings thereon on error, and setting aside the proceedings on it. The first two are specific modes, the last is general. To "set aside" is very broad in scope,—"to defeat the effect or operation of;" and we think it may well be held to embrace here every other mode of defeat of the proceedings on an indictment, than quashing it and reversal on error, and so, that the manner of disposal of the first indictment amounted to a setting aside of the proceedings under it, and came within the saving clause of the section.

The judgment will be affirmed.

*Judgment affirmed.*