HICKEY *v.* STATE.

(*Nashville.*  December Term, 1915.)

1. CRIMINAL LAW.  Limitation of prosecutions.  Misdemeanors. Statute.

Shannon's Code, 6942, 6946, providing a limitation of one year upon prosecutions for misdemeanors, applies to all misdemeanors though the prosecution be begun by indictment charging felony; the charge of felony in the indictment including the misdemeanor.  (*Post, pp.* 114-117.)

Cases cited and approved:  Wilson v. State, 15 Tenn., 517; State v. Bowling, 29 Tenn., 52; Turley v. State, 50 Tenn., 13; Smith v. State, 79 Ala., 21; Stafford v. State, 59 Ark., 413; Gill v. State, 38 Ark., 524; Swalley v. People, 116 Ill., 247; Louisville, etc., Co. v. Commonwealth, 4 Ky. Law Rep., 627; State v. Hailey, 51 N. C., 42; State v. Howard, 15 Rich. (S. C.), 274; State v. Child, 44 Kan., 420; Foster v. State, 38 Ala., 427; Weston v. State, 63 Ala., 155; Smith v. State, 62 Ala., 29.

2. CRIMINAL LAW.  Limitation of prosecutions.  Commencement of prosecution for misdemeanor.  Indictment charging felony.

When a defective indictment, found within twelve months, charging assault and battery with intent to rape was too defective to support conviction and was recommitted to the grand jury by the court, a new and valid indictment being returned on which defendant was acquitted of the felony, but convicted of a simple assault, there was such an institution of prosecution for the misdemeanor within a year as to bar the running of the statute of limitation on that grade of offense.  Shannon's Code, 6942, 6946.  (*Post, pp.* 117, 118.)

Hickey v. State.

3. **CRIMINAL LAW.   Limitation of prosecutions.   Commencement of prosecution for misdemeanor.   Indictment charging felony.**

A prosecution for misdemeanor, instituted but not brought to trial, etc., and abandoned, and an indictment for felony returned, could not serve as an institution of prosecution, to come within the one-year period of limitation set for all misdemeanors by Shannon's Code, 6942, 6946, sufficient to sustain a conviction for a misdemeanor, included under the indictment charging felony. (*Post*, *pp.* 117, 118.)

## FROM PUTNAM.

Appeal from the Criminal Court of Putnam County. —J. H. GARDENHIRE, Judge.

B. G. ADCOCK, for appellant.

F. M. THOMPSON, Attorney-General, for the State.

MR. JUSTICE FANCHER delivered the opinion of the Court.

The defendant was prosecuted for the offense of assault and battery with intent to have unlawful carnal knowledge. The indictment was found at the September term, 1913, which was within twelve months of the time when the offense was committed. At the January term of court thereafter, and which was more than twelve months from the commission of the offense, a motion was made to quash the indictment on the

131Tenn8

ground that it did not state the name of the female upon whom the assault was made. There was a mere blank in the indictment for the insertion of the name. The indictment was confessedly invalid for this reason. Without any action being taken upon this motion, the court recommitted the matter to the grand jury, and a new and valid indictment was preferred upon which the defendant was tried.

He was acquitted of the felony, but convicted for a simple assault. The question was made in a motion for a new trial, and is now made in this court by proper assignment, that the misdemeanor was barred by the statute of limitation of twelve months. It is proper to say that about ten months after the commission of the offense, a prosecution was instituted before a justice of the peace, but the prosecutor and witnesses did not appear on the trial, and there was no trial or commitment had.

This statute of limitation is as follows:

"All prosecutions for misdemeanors, unless otherwise expressly provided, shall be commenced within twelve months next after the offense has bees committed." Shannon's Code, 6942.

"A prosecution is commenced, within the meaning of this chapter, by the issuance of a warrant, or by binding over the offender." Shannon's Code, 6946.

It has been held in this State that this statute of limitation applies to all misdemeanors, the prosecution of which is begun by an indictment charging a felony, the misdemeanor being included in the felony charged

in the indictment.  *Wilson* v. *State,* 7 Yerg., 517; *State* v. *Bowling,* 10 Humph., 52; *Turley* v. *State,* 3 Heisk., 13.  It is conceded under these authorities that this misdemeanor was barred by the twelve-month statute, unless the institution of a prosecution before the justice of the peace, or the finding of the first indictment, will prevent the bar of the statute.  It has been held in a number of States of this Union that where an indictment is quashed, or dismissed for any irregularity or invalidity, and a recommitment had before the grand jury, and trial upon a new and valid indictment, the time will be deducted between the finding of the first and the subsequent indictment in determining whether the limitations has run, provided it is in reality the same offense for which the defendant is being prosecuted; and this may be shown by parol, or by other proof.  Notable among these cases are the following: *Smith* v. *State,* 79 Ala., 21; *Stafford* v. *State,* 59 Ark., 413, 27 S. W., 495; *Gill* v. *State,* 38 Ark., 524; *Swalley* v. *People,* 116 Ill., 247, 4 N. E., 379; *Louisville, etc., Co.* v. *Commonwealth,* 4 Ky. Law Rep., 627; *State* v. *Hailey,* 51 N. C., 42; *State* v. *Howard,* 15 Rich. (S. C.), 264; *State* v. *Child,* 44 Kan., 420, 24 Pac., 952.  However, it may be observed that in Alabama, Arkansas, Kansas, North Carolina, Illinois, Kentucky, and Missouri, there are statutes providing, in substance, that where an indictment is quashed and recommitment had and the old indictment amended, or a new indictment found, that the time between the finding of the two indictments will be deducted in computing the statute of

limitation, and in North Carolina a provision was made by statute that a new indictment might be preferred within one year of the dismissal of the former indictment, within which time no statute of limitation would run. Thus it appears there is a saving of the statute in all of these States, provided that a prosecution is kept up by the finding of a new indictment within reasonable time from the dismissal of the previous one, and provided, further, that it is a prosecution for the same offense.

An indictment for selling liquor to a slave "whose name and whose owner is unknown to the jurors," although fatally defective on demurrer, contains a sufficient description of the offense, and is sufficiently specific to uphold a recognizance based thereon to another term of the court. *Foster* v. *State,* 38 Ala., 427.

Though the indictment is so defective that a conviction thereon would be reversed, yet the time will be deducted between the finding of the first and subsequent indictments. *Weston* v. *State,* 63 Ala., 155.

Where an indictment was against Henry Smith, and charged that he uttered offensive language in the dwelling house of Sarah Holly, and the second indictment was against James Henry Smith, and described the place as the dwelling house of John S. Turner, *prima facie* these were considered two distinct offenses, and the prosecution of one could not prevent the running of the statute as to the other. It was held, however, that if it was the same offense attempted

to be charged, this could be shown. *Smith* v. *State,* 62 Ala., 29.

Anciently, under the law of England, there was no general statute of limitation applicable to criminal procedure. 4 Blackstone Com., 301.

The question now arises whether in this State and in the absence of any statute on the subject, the prosecution under this second indictment may be considered such a continuation of the original prosecution that the statute of limitation cannot apply. We think there is no doubt but that it was the same prosecution under both indictments. While the first indictment was defective and invalid because it did not contain the name of the person upon whom the assault was committed, yet it was a prosecution for the same offense as that embraced in the second indictment. The statute provides that the commencement of the prosecution within the meaning of this limitation is the issuance of a warrant or the binding over of the offender. So the issuance of the warrant by the justice of the peace in this case was the commencement of this prosecution. However, that was abandoned, and no connection can be made between the issuance of that warrant and the finding of the indictment in the criminal court. But there was no intermission in the prosecution before the criminal court, although the indictment found within the twelve months was an invalid one. Upon objection being made to it because it was not sufficiently specific as to the person upon whom the offense was committed, it was invalid,

yet it charged a distinct crime in a defective way, and the finding of the second indictment was immediately upon the question being made as to the invalidity of the former indictment. It is the "prosecution" which must be commenced within twelve months, not the finding of the indictment. It seems clear, therefore, that when the case was recommitted to the grand jury and a new and valid indictment preferred in this manner, there is no break or intermission of time in the prosecution of the defendant in the criminal court, and the first indictment having been found within twelve months, the case is not barred by the statute of limitation.

The other question presented in the case is that the evidence preponderates against the verdict. Without discussing that proposition, the court holds that the evidence is sufficient to sustain the conviction.

The judgment of the criminal court is affirmed.