(No. 23035. )

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff in Error, *vs.* LORENZO D. HOBBS, Defendant in Error.

*Opinion filed October 24, 1935.*

OTTO KERNER, Attorney General, CHARLES C. MURRAH, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE ORR delivered the opinion of the court:

Lorenzo D. Hobbs was originally indicted at the May, 1931, term of the circuit court of Williamson county, charged with the crime of larceny by embezzlement. He was subsequently tried and found guilty, but on review this court reversed the judgment (*People* v. *Hobbs,* 352 Ill. 224,) because the indictment did not sufficiently allege the ownership of the money involved. Hobbs was again indicted for the identical offense in April, 1933, but thereafter the circuit court quashed the indictment on the theory that it was barred by the Statute of Limitations. (Smith's Stat. 1933, chap. 38, sec. 6, par. 633.) The sole inquiry raised by this writ is whether the circuit court erred in thus quashing the indictment.

A prosecution under a second indictment after the limitation period had passed is not barred because a prior,

though bad, indictment charging the same offense had been returned or filed within the period of limitation. (*Swalley* v. *People,* 116 Ill. 247; *People* v. *Buckner,* 281 id. 340.) The Criminal Code does not require that the indictment quashed or set aside be a valid one in order to toll the running of the statute. (*People* v. *Buckner, supra.*) The vital condition of identity of offenses charged in the two indictments can be established not only by a comparison of the indictments but by parol evidence. (*Swalley* v. *People, supra.*) Here the quashed count contained apt language establishing the required identity of offenses.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*