(No. 68646.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. FRANK MORRIS, Appellee.

*Opinion filed April 18, 1990.*

Neil F. Hartigan, Attorney General, of Springfield, and Joseph R. Navarro, State's Attorney, of Ottawa (Kenneth R. Boyle and William L. Browers, of the State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

Lerner & Kirchner, of Champaign, for appellee.

JUSTICE CLARK delivered the opinion of the court:

On May 27, 1986, an indictment was filed in the circuit court of La Salle County charging defendant, Frank Morris, with the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4(a)(1)) (count I) for an incident which allegedly took place on October 20, 1984. On February 25, 1988, a grand jury added five additional counts to the indictment, charging defendant with the offenses of aggravated criminal sexual abuse (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—16(d)), criminal sexual assault (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—13(a)(1)), and criminal sexual abuse (three counts) (Ill. Rev. Stat., 1984 Supp., ch. 38, par. 12—15(a)(1)) (counts II through VI), all arising from the same incident which allegedly took place on October 20, 1984.

On March 8, 1988, defendant filed two pretrial motions to dismiss the indictment. One motion claimed that count I of the indictment should be dismissed because the statute which count I alleged had been violated had been repealed prior to the date that the offense allegedly occurred. The other motion sought dismissal of counts II through VI on the basis that those counts failed to allege facts showing that the statute of limitations had not been violated. The trial court denied defendant's motion to dismiss counts II through VI and then granted his motion to dismiss count I. The case went to trial and defendant was convicted of criminal sexual assault and three counts of criminal sexual abuse. The appellate court, in an unpublished order (182 Ill. App. 3d 1107 (unpublished order under Supreme Court Rule 23)), held that counts II through VI should have been dismissed. Consequently, the appellate court reversed the convic-

tions. We granted the State's petition for leave to appeal (107 Ill. 2d R. 315).

The parties' arguments center on this court's decision in *People v. Strait* (1978), 72 Ill. 2d 503. In that case, this court reaffirmed "the long-established rule that if [an] indictment or information shows on its face that the offense was not committed within the period of limitation facts must be averred which invoke one of the exceptions contained in the statute." (*Strait*, 72 Ill. 2d at 504-05.) *Strait* is still controlling precedent in Illinois and we decline the State's invitation to reconsider or modify this court's decision in that case.

In the instant case, counts II through VI were added to the indictment after the expiration of the three-year-limitation period that is provided for the crimes at issue here by section 3—5(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b)). The State does not dispute that counts II through VI fail to allege any facts "which invoke one of the exceptions [to the limitation period] contained in the statute." However, the State claims that count I of the indictment supplies facts which invoke the limitation exclusion set forth in section 3—7(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c)).

Section 3—7 provides:

"Periods Excluded from Limitation. The period within which a prosecution must be commenced does not include any period in which:

. * * *

(c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal." (Ill. Rev. Stat. 1987, ch. 38, par. 3—7.)

According to the State, count I shows that defendant had been indicted within the normal three-year-limitation

period applicable to felonies (Ill. Rev. Stat. 1987, ch. 38, par. 3—5(b)), in that it states that defendant was indicted on May 27, 1986, for conduct alleged to have occurred on October 20, 1984. Thus, the State argues that count I shows on its face that there was a prosecution pending against defendant for the same conduct that gave rise to counts II through VI of the indictment, and therefore count I alleges facts which invoke the limitation exclusion of section 3—7(c) (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c)). Before addressing the merits of the State's claim regarding count I, we must first decide whether allegations from count I can be used to save counts II through VI from dismissal.

It is a well-established rule in Illinois that all counts of a multiple-count indictment should be read as a whole and that elements missing from one count of an indictment may be supplied by another count. (See *People v. Hall* (1982), 96 Ill. 2d 315, 320.) Defendant suggests, however, that the rule set forth in *Hall* should not be applied where, as here, a defendant has made a pretrial challenge to the sufficiency of an indictment. Rather, defendant, without explaining why, claims that the rule should only be followed when a defendant has failed to challenge the sufficiency of an indictment until post-trial. We do not find defendant's contention persuasive.

Appellee further asserts that the *Hall* rule should not apply where the supporting information is from a count of the indictment that has previously been dismissed. However, in this case, count I was not dismissed until after the trial judge had denied defendant's motion to dismiss counts II through VI. Furthermore, section 3—7(c) of the Criminal Code (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c)) (the limitation exclusion relied upon by the State) explicitly provides that "[a] prosecution is pending against the defendant for the same conduct, *even if the indictment or information which commences the prose-*

*cution is quashed or the proceedings thereon are set aside, or are reversed on appeal.''* (Emphasis added.) Consequently, count I of the indictment can be used to supply elements missing from counts II through VI.

We turn now to the question of whether count I sets forth facts which invoke the limitation exclusion of section 3—7(c) of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c)). As stated earlier, section 3—7 provides: "The period within which a prosecution must be commenced does not include any period in which *** (c) A prosecution is pending against the defendant for the same conduct." Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c).

Appellee claims that section 3—7(c) is not invoked by count I because the conduct involved in count I is different than the conduct which gave rise to counts IV through VI. Appellee's argument is apparently based upon the fact that count I alleges that defendant "inserted his penis into the anus" of the minor while counts IV and VI alleged that defendant "knowingly fondled the penis of" the minor and count V alleged that defendant "knowingly had [the minor] fondle the penis of [defendant].'' Appellee argues that each of these instances constitutes a separate act and so the prosecution under count I was not a prosecution for the same conduct as for counts IV through VI. We do not agree.

Section 3—7(c) uses the term "conduct" rather than "acts." "Conduct" is defined by section 2—4 of the Criminal Code of 1961 as "an act *or a series of acts*, and the accompanying mental state." (Emphasis added.) (Ill. Rev. Stat. 1987, ch. 38, par. 2—4.) Count I of the indictment alleges that on October 20, 1984, defendant engaged in an illegal sexual act with a minor. Counts II through VI also allege that defendant engaged in a series of illegal sexual acts with the same minor on the same date. The counts thus refer to a series of illegal

sexual acts allegedly engaged in by defendant with the same minor on the same day. We therefore conclude that, under section 2—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1987, ch. 38, par. 2—4), the act set forth in count I was part of the same conduct as the acts set forth in counts II through VI. Accordingly, at the time counts II through VI of the indictment were handed down by the grand jury, there had been "[a] prosecution *** pending against the defendant for the same conduct" (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c)), and therefore counts II through VI would clearly be excluded from the limitation period under section 3—7(c). However, what is not clear is whether the language in count I properly invokes application of section 3—7(c).

Where an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period. (See *People v. Carman* (1943), 385 Ill. 23, 25; *People v. Ross* (1927), 325 Ill. 417, 420.) As with the other elements which the State must prove, such as the elements of the offense with which a defendant is being charged, "[t]he grounds upon which the People seek to wrest from a defendant the protection of section 3—5 of the Criminal Code [the statute of limitations (Ill. Rev. Stat. 1987, ch. 38, par. 3—5)] should be stated in the information with sufficient specificity to enable him to defend against them." *People v. Strait* (1978), 72 Ill. 2d 503, 506; see also *People v. Hall* (1982), 96 Ill. 2d 315, 320 (the State must allege the elements of an offense with specificity to "protect[ ] the defendant against being forced to speculate as to the nature or elements of the underlying offense, thus spreading his resources thin, attempting to rebut all of the possibilities, while the prosecutor merely focuses on the most promising alternative and builds his case around that").

Because the purpose of requiring specificity is to provide notice to the defendant of precisely what the State will attempt to prove (and therefore to allow the defendant an opportunity to prepare a defense), we conclude that the State must not only set forth circumstances which, in and of themselves, would provide a basis for tolling a limitation period, but the State must make clear that those circumstances are in fact the basis upon which the State seeks to toll the limitation period. See *People v. Isaacs* (1967), 37 Ill. 2d 205, 231 (in which this court stated in *dictum* that an indictment must "allege the tolling of the Statute of Limitations *on the basis of* the pendency of prior proceedings against the same defendants for the same conduct" (emphasis added)).

This court has never made explicit the conclusion that the State must aver with specificity its basis for tolling a limitation period. However, we are not aware of any decisions by this court which are inconsistent with such a conclusion. Rather, in cases where this court has held that an indictment sufficiently invoked an exception to the statute of limitations, either the indictments have included specific language to the effect " 'that the period within which the prosecution must be commenced does not include [certain dates] in that [certain facts exist which invoke an exception to the statute of limitations]' " (*Isaacs*, 37 Ill. 2d at 230; see also *People v. Gallo* (1973), 54 Ill. 2d 343, 348-49), or it is not clear from the opinion what the indictments averred (see, *e.g.*, *People v. Carman* (1943), 385 Ill. 23; *People v. Hobbs* (1935), 361 Ill. 469; *People v. Buckner* (1917), 281 Ill. 340). In either event, this court's prior decisions are not inconsistent with our conclusion here.

The indictment in this case contains no language specifying that the limitation period should be tolled because a prosecution was pending against defendant for the same conduct involved in counts II through VI. In-

stead, count I merely indicates that such a prosecution was pending at the time counts II through VI were added to the indictment. Thus, the State failed to specify either in count I or counts II through VI the grounds by which it sought to toll the limitation period, forcing defendant to speculate as to how he should prepare a defense. The uncertainty surrounding the State's basis for tolling the limitation period is apparent from the record.

At the pretrial hearing on defendant's motion to dismiss the indictment, the State argued that the limitation period should be tolled not only under section 3—7(c), but also under section 3—7(a) (Ill. Rev. Stat. 1987, ch. 38, par. 3—7(a)) in that defendant was out of the State during the period of limitation, and under section 3—6(d) (Ill. Rev. Stat. 1987, ch. 38, par. 3—6(d)) in that the victim in this criminal sexual assault case was under 18 years of age. Particularly in light of the various circumstances which might have tolled the limitation period in this case, it was incumbent upon the State to allege with specificity which grounds it would be relying on to toll the limitation period. The State's failure to do so rendered counts II through VI of the indictment invalid. We therefore affirm the appellate court's decision reversing defendant's convictions.

The State next notes that the appellate court, in reversing defendant's convictions due to the invalidity of the indictment, failed to address defendant's claim that the evidence at trial was not sufficient to support his conviction. The appellate court's failure to assess the sufficiency of the evidence, the State observes, "risks subjecting the defendant to double jeopardy" on retrial (*People v. Taylor* (1979), 76 Ill. 2d 289, 309). According to the State, defendant may be reindicted and retried for the same offenses for which he originally was convicted. The State speculates that in light of the appellate court's failure to assess the sufficiency of the evidence in sup-

port of defendant's convictions, defendant may claim that retrial is prohibited under the double jeopardy clause of the fifth amendment to the United States Constitution (U.S. Const., amend. V). The State claims that "[v]aluable judicial and other resources are compromised if there is any chance that any retrial of the defendant might be nullified due to the failure of the reviewing court to address the sufficiency of the evidence adduced at the defendant's first trial." To prevent such a result from occurring, the State requests that we remand the cause to the appellate court with instructions that the appellate court consider defendant's claim regarding the sufficiency of the evidence.

In *Taylor*, 76 Ill. 2d at 295, the appellate court reversed the defendant's conviction on the grounds that the trial court had erred in refusing to suppress three confessions given by the defendant to the police. The appellate court rejected the defendant's claim that a provision of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)) was unconstitutional. (*Taylor*, 76 Ill. 2d at 295.) The appellate court also found it unnecessary to consider "whether the evidence at trial had been sufficient to support defendant's conviction." (*Taylor*, 76 Ill. 2d at 295.) The defendant subsequently appealed to this court, arguing that section 2—7 of the Juvenile Court Act (Ill. Rev. Stat. 1975, ch. 37, par. 702—7(3)) was unconstitutional and that the appellate court erred in failing to consider defendant's claim concerning the sufficiency of the evidence in support of his conviction. *Taylor*, 76 Ill. 2d at 297, 309.

This court rejected the contention that the statute was unconstitutional but agreed with the defendant that the appellate court's failure to address the sufficiency of the evidence was error. (*Taylor*, 76 Ill. 2d at 309.) This court held that "[w]hen an appellate court reverses a criminal conviction and remands the case for a new trial

without deciding defendant's contention that the evidence at the first trial was insufficient, we believe that the court risks subjecting the defendant to double jeopardy." (*Taylor*, 76 Ill. 2d at 309.) This court, apparently upon the defendant's request, reviewed the evidence and concluded that the evidence was sufficient to support the conviction. *Taylor*, 76 Ill. 2d at 309.

*Taylor* establishes that a defendant has a right to have the evidence in his case reviewed by an appellate court where the failure to do so may subject the defendant to double jeopardy. As the State concedes, the right that is established in *Taylor* is rooted in the interests of protecting the defendant's double jeopardy rights and so is one for the defendant to assert, not the State. Nevertheless, the State argues that where, as in this case, a defendant had claimed before the appellate court that the evidence was insufficient, but the defendant does not argue before this court that the appellate court's failure to address the issue was erroneous, this court, in the interest of judicial economy, should remand to the appellate court to consider the sufficiency of the evidence.

We agree that the cause should be remanded to the appellate court to determine the sufficiency of the evidence in support of defendant's convictions. We note initially that the question of the sufficiency of the evidence has not been briefed or argued by the parties and is not at issue in the instant appeal. Thus, unlike in *Taylor*, 76 Ill. 2d at 309, this court is in no position to review the sufficiency of the evidence at this time.

As the State notes, it is likely that defendant will be reindicted and retried for the same offenses for which he had been convicted in this case. Because the appellate court failed to address defendant's claim regarding the sufficiency of the evidence, defendant might raise a double jeopardy claim, arguing that the evidence in his first case was insufficient to support his conviction. (See

*Burks v. United States* (1978), 437 U.S. 1, 57 L. Ed. 2d 1, 98 S. Ct. 2141; *Taylor*, 76 Ill. 2d at 309.) Such a claim would require that a trial court judge review the sufficiency of the evidence from the first trial. If defendant is convicted at the new trial, and if defendant reasserts his double jeopardy claim on appeal, an appellate court will then have to review the sufficiency of the evidence from the first trial, as well as review any claims regarding the second trial. To avoid this drain of judicial resources, we find it appropriate to remand to the appellate court.

Accordingly, the judgment of the appellate court reversing defendant's convictions is affirmed. However, we remand to the appellate court to address defendant's contention that the evidence in support of his conviction was insufficient.

*Affirmed and remanded.*