THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. GENARO PACHECO, Defendant-Appellee.

Second District    No. 2—02—0024

Opinion filed April 15, 2003.

Joseph E. Birkett, State's Attorney, of Wheaton (Margaret M. Healy, Assistant State's Attorney, and Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

G. Joseph Weller and Paul J. Glaser, both of State Appellate Defender's Office, of Elgin, for appellee.

JUSTICE GROMETER delivered the opinion of the court:

On January 18, 2001, defendant, Genaro Pacheco, was charged by indictment in the circuit court of Du Page County with two counts of aggravated driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1), (a)(2), (d)(1)(A) (West 1996)) and driving while his license was revoked (625 ILCS 5/6—303(a), (d) (West 1996)). The of-

fenses allegedly occurred on August 31, 1996, and each count of the indictment indicated that a prosecution for the same conduct had been pending against defendant since 1996. Defendant successfully moved to dismiss the charges because they were barred by the applicable three-year statute of limitations (720 ILCS 5/3—5(b) (West 1996)). The State appeals, claiming that the pending prosecutions described in the indictment tolled the limitations period. We affirm.

■ Section 3—7 of the Criminal Code of 1961 (Code) (720 ILCS 5/3—7 (West 1996)) provides in pertinent part:

> "The period within which a prosecution must be commenced does not include any period in which:
>
> * * *
>
> (c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon set aside, or are reversed on appeal."

The record reveals that defendant was charged with misdemeanor DUI on September 3, 1996. The offenses charged in the 2001 indictment are felonies. In dismissing the felony charges, the trial court stated:

> "It is my understanding of the case law that although clearly a misdemeanor prosecution can be commenced by the filing of a complaint for a felony offense, there has to be an indictment or an information filed within the statute of limitations, otherwise, the charging document has to state why the statue [*sic*] of limitations extended.
>
> In this particular case, I don't find that the misdemeanor pending stays the pending prosecution for this offense.
>
> Specifically, I am finding that the felony offense that is charged is a separate and distinct offense from that that was previously pending, that being the misdemeanor."

Citing *People v. Martin*, 266 Ill. App. 3d 369 (1994), and *People v. Saunders*, 235 Ill. App. 3d 661 (1992), the State argues that whether section 3—7(c) of the Code tolls the limitations period depends on whether the prior prosecution was for the same conduct, not whether the prior prosecution was for a felony or a misdemeanor. The State contends that the felony and misdemeanor charges involved the same conduct. From that premise, the State concludes that while it was pending, the misdemeanor prosecution tolled the limitations period for initiating a felony prosecution.

Even assuming for the sake of argument that the State's premise is correct, its conclusion is not. Section 3—7(c) is not self-executing; the State must properly invoke it in the charging instrument. *People*

*v. Strait*, 72 Ill. 2d 503 (1978), cited by defendant, recites "the long-established rule that if the indictment or information shows on its face that the offense was not committed within the period of limitations *facts must be averred which invoke one of the exceptions contained in the statute*." (Emphasis added.) *Strait*, 72 Ill. 2d at 504-05. In *People v. Morris*, 135 Ill. 2d 540 (1990), also cited by defendant, the supreme court modified the rule, concluding that "the State must not only set forth circumstances which, in and of themselves, would provide a basis for tolling a limitation period, *but the State must make clear that those circumstances are in fact the basis upon which the State seeks to toll the limitation period*." (Emphasis added.) *Morris*, 135 Ill. 2d at 547. As an example, the court cited *People v. Isaacs*, 37 Ill. 2d 205 (1967), where the indictment included "specific language to the effect ' "that the period within which the prosecution must be commenced does not include [certain dates] in that [certain facts exist which invoke an exception to the statute of limitations]." ' " *Morris*, 135 Ill. 2d at 547, quoting *Issacs*, 37 Ill. 2d at 230.

■ In *Morris*, the defendant was originally indicted within the limitations period on a single count of indecent liberties with a child. After the limitations period expired, the grand jury added five more counts charging sex offenses arising from the same incident as the first count. The court noted that reading the indictment as a whole established that "at the time counts II through VI of the indictment were handed down by the grand jury, there had been '[a] prosecution *** pending against the defendant for the same conduct.' " *Morris*, 135 Ill. 2d at 546, quoting Ill. Rev. Stat. 1987, ch. 38, par. 3—7(c). Nonetheless, the court held that the State had not effectively invoked the tolling provision:

> "The indictment in this case contains no language specifying that the limitation period should be tolled because a prosecution was pending against defendant for the same conduct involved in counts II through VI. Instead, count I merely indicates that such a prosecution was pending at the time counts II through VI were added to the indictment. Thus, the State failed to specify either in count I or counts II through VI the grounds by which it sought to toll the limitation period, forcing defendant to speculate as to how he should prepare a defense. The uncertainty surrounding the State's basis for tolling the limitation period is apparent from the record." *Morris*, 135 Ill. 2d at 547-48.

Similarly, here the indictment merely indicates that when it was handed down, a prosecution was pending for the same conduct. As in *Morris*, it does not specify that the State intends to rely on the prosecution as the basis for tolling the statute of limitations. Pursuant to *Morris*, the indictment was properly dismissed.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN and O'MALLEY, JJ., concur.