THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES HAWKINS, Defendant-Appellant.

(No. 61467;

First District (3rd Division)—December 4, 1975.

Leonard Karlin, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Eugene J. Rudnik, Jr., Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE MEJDA delivered the opinion of the court:

Defendant, James Hawkins, after trial without a jury, was convicted of two offenses of indecent liberties with a child. (Ill. Rev. Stat. 1969, ch. 38, par. 11—4.) He was sentenced to two concurrent terms of five to ten years in the State penitentiary. Upon appeal defendant raises several contentions, including one that under the statute of limitations in section 3—5 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3—5), the time within which to commence prosecution of the offenses had expired. We agree with the contention as to limitation, and reverse. Therefore, only those facts relevant to such issue need be presented.

On February 24, 1972, the Cook County grand jury returned indictment 72-377 with 12 counts and Indictment 72-378 with 9 counts against defendant. In the aggregate, he was charged with 7 counts of indecent liberties with a child, 7 counts of contributing to the sexual delinquency of a child, and 7 counts of deviate sexual assault. Before trial, defendant filed separate motions to quash and to dismiss the indictments, asserting in each that his prosecution on the offenses charged was barred by the statute of limitations. The motions were denied. At the conclusion of trial, defendant was found guilty only as to counts 1 and 3 of Indictment 72-377. These counts are respectively set forth in pertinent part as follows:

"The Grand Jurors * * * present that on or about December 14th, 1968 at and within said County James Hawkins, a person of the age of seventeen years and upwards committed the offense of indecent liberties with a child in that he, performed an act of deviate sexual conduct, to wit: oral copulation, upon one John Johnson, a child under the age of sixteen years, in violation of Chapter 38, Section 11—4, of the Illinois Revised Statutes 1969 * * *.

* * *

The Grand Jurors * * * present that on or about December 14th, 1968 at and within said County James Hawkins, a person of the age of seventeen years and upwards committed the offense of indecent liberties with a child in that he, performed an act of deviate sexual conduct, to wit: oral copulation, upon one David Johnson, a child under the age of sixteen years, in violation of Chapter 38, Section 11—4, of the Illinois Revised Statutes 1969 * * *."

After trial, defendant filed a motion in arrest of judgment which re-

asserted that the statute of limitations had expired as to the offenses of which he had been found guilty. This motion was also denied by the trial court.

Defendant's pretrial pleadings indicate that he was initially taken into custody in the State of Alabama on January 23, 1970, and further, that a 1970 indictment pending against him in Illinois was dismissed in March of 1972. The statute of limitations as set forth in section 3—5 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3—5) provides:

"(a) A prosecution for murder, manslaughter, treason, arson, or forgery may be commenced at any time.

(b) Unless the statute describing the offense provides otherwise, or the period of limitation is extended by Section 3—6, a prosecution for any offense not designated in Subsection (a) must be commenced within 3 years after the commission of the offense if it is a felony, or within one year and 6 months after its commission if it is a misdemeanor."

However, certain periods are excluded from the time within which a prosecution must be commenced. Under section 3—7 of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3—7) it is provided that the general limitation period shall not include any period in which

"(a) The defendant is not usually and publicly resident within this State; or

\* \* \*

(c) A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal."

The allegation that the criminal charge is brought within the statute of limitations is a material element of any indictment and one which must always be pleaded and proved. (*People v. Carman* (1943), 385 Ill. 23, 52 N.E.2d 197.) An indictment which shows on its face that the offense charged is barred by the statute of limitations is wholly insufficient and subject to dismissal. *People v. Hill* (1966), 68 Ill.App.2d 369, 216 N.E.2d 212.

■■ In the instant case, defendant was charged and convicted on two counts of indecent liberties with a child, a felony offense. His prosecution on those charges was subject to the 3-year limitation period provided in section 3—5(b) of the Criminal Code (Ill. Rev. Stat. 1969, ch. 38, par. 3—5(b)). Indictment 72-377, which included those charges as counts 1 and 3, was returned by the grand jury on February 24, 1972. The counts merely alleged that defendant committed the offenses of indecent liberties with a child, one John Johnson (in count 1), and one

David Johnson (count 3) on December 14, 1968. In neither court are any facts alleged wherein, or is it stated that, the statute of limitations was tolled in the interval between the commission of the offenses and the return of the indictment. As each count on its face sets forth the alleged offense as being committed on a date beyond the statute of limitations, each was legally insufficient and subject to dismissal. Therefore, the trial court erred in denying defendant's pretrial challenges to the indictments and in denying his motion in arrest of judgment.

■■■ The State argues that the statute of limitations in the instant case was tolled. This argument is premised upon the assertion that in the interval between the commission of the offenses on December 14, 1968, and the indictments of February 24, 1972, defendant was both absent from the State and under a prior indictment for the same criminal conduct. While the State may have been in possession of information which if alleged would have operated to toll the limitation period, no such allegations were in any manner contained in either of the indictments returned on February 24, 1972. Where an extension or tolling of the general limitation period is provided by statute and the offense alleged shows on its face that it was not committed within that general limitation period, facts which avoid the bar of the general limitation period must also be alleged. (*People v. Munoz* (1974), 23 Ill.App.3d 306, 319 N.E.2d 98.) The occurrence of certain events which would operate to toll the statute of limitations would be material allegations to any criminal charge which must not only be proved but must be pleaded as well. In the instant case, the State has done neither.

■■ The State further argues that defendant has waived the issue of sufficiency of the indictments by his failure to raise that point in his brief on appeal in violation of Supreme Court Rule 341(e)(7) (Ill. Rev. Stat. 1973, ch. 110A, par. 341 (e)(7)). We disagree. In his brief, defendant has raised the contention that the charges of which he was found guilty were barred by the statute of limitations. In the proceedings in the trial court, defendant filed both pretrial motions and a posttrial motion which challenged the indictments as showing on their face that the statute of limitations had expired. The very fine shade of difference between the grounds asserted in defendant's motions at trial and his contention on appeal is not one which would lend itself to the application of the waiver principle.

For the reasons stated, the judgments of conviction entered by the circuit court of Cook County are reversed.

Reversed.

McGLOON, P. J., and McNAMARA, J., concur.