THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELVIN SIMPSON, Defendant-Appellant.

Second District   No. 76-397

Opinion filed November 15, 1977.

Ralph Ruebner and Andrew Berman, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

On March 1, 1976, it was discovered that a building owned by the Illinois National Bank & Trust Company had been burglarized and that a car owned by that company had been stolen from within. The burglary took place in Winnebago County. Five days later, defendant and three others were found in Cook County with defendant in possession of the car. Defendant had the keys on his person and it appears that the other three people indicated that they thought defendant owned the car. Defendant pleaded guilty to misdemeanor theft in Cook County for having knowingly obtained control of stolen property not exceeding $150 in value. He was thereafter returned to Winnebago County where, in a jury trial, he was found guilty of having committed the initial burglary. Prior to trial, defendant made a motion to dismiss the burglary charge. The motion argued a bar by former prosecution, based on section 3—4(b)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—4(b)(1)), and the motion was denied.

Defendant contended in the trial court, and repeats the contention on appeal, that the burglary and the theft involved the same conduct, and that because he had been convicted of one of the offenses the State was precluded from prosecuting him for the other. Therefore, we must determine whether defendant's conviction in Cook County of theft based on his having knowingly obtained control of the car bars his prosecution in Winnebago County for a burglary in which the same car was obtained by defendant.

■■ ■ Section 3—4(b)(1) of the Criminal Code presents three conditions under which a prosecution may be barred. Because the conditions are presented in the disjunctive, the existence of any one of them will bar a prosecution. The conditions are (1) whether defendant could have been convicted of the instant offense in the former prosecution, (2) whether mandatory joinder required the prosecution of the instant offense with the former one, and (3) whether each prosecution required proof of the same facts.

The first condition is not met because there was no authority for Cook County to prosecute a crime which was committed in Winnebago County. The second condition is not met because the two offenses were not within the jurisdiction of a single court and therefore were not subject to mandatory joinder as provided in section 3—3(b) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 3—3(b)). The third condition is not met because each prosecution required the proof of different facts. Proof of unauthorized entry into the building with intent to commit a theft or felony therein was required for the burglary prosecution, while the theft prosecution required a showing of knowingly obtaining control over stolen property under circumstances reasonably inducing him to

believe it was stolen, and that he intends or uses the property so as to permanently deprive the owner of its use. We distinguish this case from the typical "one act-one crime" situation (see *People v. Stevenson* (1969), 107 Ill. App. 2d 441, 246 N.E.2d 309) in that the two offenses constitute different acts because they arose from different conduct occurring in different counties and at different times.

The decision of the circuit court of Winnebago County is therefore affirmed.

Affirmed.

GUILD and SEIDENFELD, JJ., concur.