First Division
June 29, 2007

No. 1-06-0839

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS | ) | Appeal from the Circuit Court |
| | ) | of Cook County |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | 03 CR 18115 |
| | ) | 03 CR 18117 |
| EDWARD STONE, | ) | 03 CR 18118 |
| | ) | 03 CR 18119 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | David P. Sterba, |
| | ) | Judge Presiding |

PRESIDING JUSTICE McBRIDE delivered the opinion of the court:

In March 2005, defendant, Edward Stone, pleaded guilty to four counts of criminal sexual assault and one count of aggravated criminal sexual assault arising from a series of indictments regarding the ongoing sexual assault of defendant's minor stepdaughter, A.K. The trial court sentenced defendant to three terms of 15 years and one term of 9 years for the criminal sexual assault charges and 24 years for the aggravated criminal sexual assault. All sentences were to run concurrent with the exception of the two counts, one term of 15 years and a term of 9 years, from case number 03 CR 18118, which were to run consecutive to each other.

Defendant appeals, arguing that: (1) the trial court erred in entering a conviction for aggravated criminal sexual assault in case number 03 CR 18117; (2) the trial court erred in denying defendant's motion to dismiss the indictments in cases 03 CR 18117 and 03 CR 18119; and (3) the trial court erred in denying defendant's motion to withdraw his guilty plea because he denied use of force.

1-06-0839

In August 2003, defendant was charged under case numbers 03 CR 18115, 03 CR 18116, 03 CR 18117, 03 CR 18118, and 03 CR 18119 for the sexual assault of his stepdaughter, A.K. In October 2003, defendant filed a motion to dismiss the indictments as time barred by the applicable statute of limitations and that the application of any extended limitations period constituted a violation of *ex post facto* laws. The State responded that defendant was subject to the extension of time for the statute of limitations and any defects in the indictments could be amended prior to trial. In December 2003, the trial court denied defendant's motion to dismiss.

In March 2005, the trial court conducted plea proceedings on the cases against defendant. The following facts were stipulated to during those proceedings.

In case number 03 CR 18115, defendant pleaded guilty to one count of criminal sexual assault in which A.K. would testify that on separate dates between September 1, 2000, and July 5, 2003, defendant routinely penetrated the victim by inserting his penis into her vagina by the use of force or threat of force. A.K. would ask defendant to stop and defendant would hold A.K. down and do it anyway. Defendant gave numerous statements to the police, his wife, an assistant State's Attorney (ASA), and medical personnel.

In case number 03 CR 18117, defendant pleaded guilty to one count of aggravated criminal sexual assault in which A.K. would testify that between January 1992 and February 1995, defendant, who was born October 6, 1965, would instruct A.K., who was born March 18, 1982,[1] to place her mouth on his penis. He told her to move her head up and down and to go faster.

_____

[1] A.K.'s date of birth is stated as both March 15, 1982, and March 18, 1982. We will use March 18, 1982, for the purpose of this decision.

2

This would last between 5 and 25 minutes. During the course of these incidents, defendant would threaten A.K. that he would kill her, her mother, and himself if she did not comply. Defendant gave oral statements to the police and medical personnel as well as a written confession to an ASA.

In case number 03 CR 18118, defendant pleaded guilty to two counts of criminal sexual assault in which A.K. would testify that between July 6, 2003, and July 20, 2003, defendant would tell her to place her mouth on his penis. He told her to move her head up and down and that "you like it, you need to suck it." A.K. would cry and ask defendant to stop, but defendant would threaten to kill her if she did not comply. Defendant would further place a condom on his penis and insert his penis into A.K.'s vagina, using his weight to hold her down. A.K. would repeatedly ask defendant to stop, that he was hurting her. Defendant would not comply with her pleas. These acts routinely occurred on separate dates against A.K's will with force and the threat of force. Defendant provided a written statement to an ASA admitting to his participation in those events and to the force he used.

In case number 03 CR 18119, defendant pleaded guilty to one count of criminal sexual assault in which A.K. would testify that between July 25, 2000, and August 31, 2000, defendant forced her to put her mouth on his penis and perform oral sex on him. This was done by the use of force and threatening the imminent use of force to A.K. without her consent or permission. Defendant provided a written statement admitting to committing these acts with A.K.

Defendant also pleaded guilty to violating an order of protection in case number 03 MC 10802. The State moved to nol pros case 03 CR 18116.

3

The trial court found that there was a factual basis to support defendant's pleas and that defendant voluntarily and intelligently entered his pleas of guilty. Defendant made the following statement in allocution, "I'm sorry, I didn't kill anybody and I did not force her, okay, I didn't force her, God is with me, he is with me, but this is ridiculous, it really is." The court then sentenced defendant to the following terms: 15 years for case 03 CR 18115; 24 years for case 03 CR 18117; 15 years for count I and 9 years for count II in case 03 CR 18118; and 15 years for 03 CR 18119. The sentences for all cases were to run concurrently, except the two counts in case 03 CR 18118, which were to run consecutive to each other. Defendant was also sentenced to six months in the Cook Country Department of Corrections for his violation of the order of protection. The order of protection was extended by the parties for two years upon defendant's release from the penitentiary.

In April 2006, defendant filed a postjudgment motion to clarify sentences, dismiss, withdraw guilty pleas and other relief. An amended motion was filed in June 2005. In July 2005, defendant filed his second amended postjudgment motion. Defendant asserted that he should be allowed to withdraw his guilty plea to some charges and the convictions vacated because the prosecution was barred by the statute of limitations. Defendant also argued that he should be allowed to withdraw all of his guilty pleas because they were based upon false statements by the prosecutor used to inflame the court. Defendant further contended that during the course of the plea proceedings, he affirmatively denied that he committed these offenses by the use of force and he should be permitted to withdraw his pleas and the convictions should be vacated. In August 2005, the State filed its response and defendant later filed a reply. In February 2006, the trial

court entered a written order disposing of defendant's postjudgment motion. In the order, the trial court found that defendant's claims relating to the expiration of the statute of limitations were waived when defendant pled guilty. The court also found that the prosecutor's statements were not misleading and the issue was without merit. Finally, the court found that the State offered sufficient evidence that acts against A.K. were done by the use of force or the threat of force. Defendant never indicated that he did not threaten the use of force.

This appeal followed.

Defendant's first claim on appeal is that the trial court erred in entering a conviction for aggravated criminal sexual assault in case number 03 CR 18117 because the State failed to allege in the indictment that an act of sexual penetration was committed by the use of force or the threat of force.

However, the State did not need to present any evidence of the use of force or the threat of force because those were not elements of the statute in effect at the time the offense was committed. The indictment for count I in case number 03 CR 18117 alleged aggravated criminal sexual assault between January 1992 and February 1995, pursuant to section 12-14(b)(1) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/12-14(b)(1) (West 1994)).[2] Section 12-14(b)(1) provided:

> "(b) The accused commits aggravated criminal sexual

---

[2] The current offense for this same conduct would be predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2006)). Predatory criminal sexual assault of a child, like its predecessor, does not require the use of force or the threat of force when the accused is over 17 years of age and the victim is under 13.

assault if:

(1) the accused was 17 years of age or over and commits an act of sexual penetration with a victim who was under 13 years of age when the act was committed[.]" 720 ILCS 5/12-14(b)(1) (West 1994).

In the stipulated facts at defendant's plea hearing, the prosecutor stated that defendant was born October 6, 1965, making him older than 17 at the time of the offense, and A.K. was born March 18, 1982, making her under 13 at the time of the offense. The stipulated facts in this case were that defendant had A.K. perform oral sex on him. Those facts are sufficient to form a factual basis for defendant's plea. The State established proof of all elements for aggravated criminal sexual assault from January 1992 to February 1995. Since we may affirm the circuit court on any basis supported by the record (see People v. Dinelli, 217 Ill. 2d 387, 403 (2005)), we find that defendant's argument that the State was required to allege the use of force or the threat of force is without merit.

Next, defendant argues that the pleas in case numbers 03 CR 18117 and 03 CR 18119 are "fatally defective" because the indictments are barred by the statute of limitations and the indictments failed to set forth a basis for an extended limitations period. The State responds that this issue is waived by defendant's guilty plea or, in the alternative, the indictments were proper in regard to the requisite statute of limitations. Defendant contends that the State should be barred from arguing waiver as a response because it did not make this argument before the circuit court in response to defendant's postjudgment motion. Defendant's contention is counter to Illinois law

1-06-0839

because "an appellee may raise any arguments in support of the circuit court's judgment, even where they were not raised before the circuit court, provided they have a sufficient factual basis before the circuit court." People v. Thomas, 364 Ill. App. 3d 91, 98 (2006). Additionally, defendant asserts that the circuit court's finding that these claims were waived was unfair and in error because its ruling was not based on the arguments of the parties. Defendant cites no authority for this position and therefore, it is waived under Supreme Court Rule 341(h)(7). See 210 Ill. 2d R. 341(h)(7).

It is well established that a voluntary guilty plea waives all nonjurisdictional errors or irregularities, including constitutional errors. People v. Townsell, 209 Ill. 2d 543, 545 (2004). "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann. " Tollett v. Henderson, 411 U.S. 258, 267, 36 L. Ed. 2d 235, 243, 93 S. Ct. 1602, 1608 (1973), citing McMann v. Richardson, 397 U.S. 759, 771, 25 L. Ed. 2d 763, 773, 90 S. Ct. 1441, 1449 (1970) (defendant must show that advice was not "within the range of competence demanded of attorneys in criminal cases").

Waiver aside, defendant's challenge to the indictments as being statutorily barred fails on the merits.

7

In case number 03 CR 18119, defendant pled guilty to count I for criminal sexual assault. The amended indictment stated that the offense occurred between July 25, 2000, and August 31, 2000. The indictment was filed on August 22, 2003.

Under section 3-5(b) of the Criminal Code, the statute of limitations is three years. 720 ILCS 5/3-5(b) (West 2000). The State charged defendant with a continuous course of conduct from July 25, 2000, to August 31, 2000, and the offense was not complete until the last act was accomplished. See People v. McDade, 345 Ill. App. 3d 912, 915 (2004). Since the last date in the course of conduct was August 31, 2000, and the indictment was filed on August 22, 2003, the statute of limitations had not lapsed and the indictment for case 03 CR 18119 was not barred.

In case number 03 CR 18117, defendant contends that the indictment is barred by the statute of limitations because the State failed to allege sufficient facts to extend the statute of limitations and that any extension would violate *ex post facto* laws. Defendant pled guilty to count I for aggravated criminal sexual assault in case 03 CR 18117. That indictment was filed on August 19, 2003, and alleged that the offense occurred between January 1992 and February 1995. The indictment stated that A.K. was under 13 years of age when the offense was committed.

At the time of the offense, section 3-6(c) of the Criminal Code provided:

> "A prosecution for any offense involving sexual conduct or sexual penetration, as defined in Section 12-12 of this Code, where the victim and defendant are family members, as defined in Section 12-12 of this Code, may be commenced within one year of the victim attaining the age of 18 years." 720 ILCS 5/3-6(c) (West

1-06-0839

1994).

Since A.K. was under 18 at the time of the offense, the State had until March 18, 2001 (A.K.'s nineteenth birthday), to commence defendant's prosecution. However, defendant is subject to any extensions that were enacted prior to A.K.'s nineteenth birthday. Under People v. Anderson, 53 Ill. 2d 437, 440-41 (1973), the Illinois Supreme Court found that a statutory amendment extending a statute of limitations was intended to apply to all cases, except where a defendant had become entitled to discharge prior to the effective date. "[A] legislative body can extend the period of limitations as to criminal offenses which occurred prior to the effective date of the change without violating the constitutional prohibition against *ex post facto* laws, so long as the extended period does not apply to any case in which the accused has acquired, as of the effective date of the change, a right to acquittal through the running of the original statute." Anderson, 53 Ill. 2d at 440. This long-standing rule is consistent with the decision in Stogner v. California, 539 U.S. 607, 632, 156 L. Ed. 2d 544, 565, 123 S. Ct. 2446, 2461 (2003), where the Supreme Court declared a California statute that allowed for the prosecution of time-barred cases to be an *ex post facto* violation, but "to hold that such a law is *ex post facto* does not prevent the State from extending time limits for the prosecution of future offenses, or for prosecutions not yet time barred."

In Public Act 91–475, the Illinois legislature extended the statute of limitations for the prosecution of criminal sexual assault and aggravated criminal sexual assault to be commenced within 10 years of the victim's eighteenth birthday. Pub. Act 91–475, eff. January 1, 2000. Contrary to defendant's assertion, Public Act 91–475 extended the statute of limitations for

9

offenders who were family members, as well as offenders who were not. At that time, defendant had not yet acquired "a right to acquittal through the running of the original statute," and therefore, he was subject to the amendment. Section 3-6(i) provided, in relevant part:

> "When the victim is under 18 years of age at the time of the offense and the offender is a family member as defined in Section 12-12, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse may be commenced within 10 years of the victim attaining the age of 18 years." 720 ILCS 5/ 3-6(i) (West 2000).

As a result of this enactment, the State had until March 2010 to prosecute defendant. However, the legislature subsequently extended the statute of limitations to 20 years in Public Act 93–356. Pub. Act 93—356, eff. July 24, 2003. Again, defendant is subject to this extension because the statute of limitations had not expired when the extension became effective.

Section 3-6(j) states, in relevant part:

> "When the victim is under 18 years of age at the time of the offense, a prosecution for criminal sexual assault, aggravated criminal sexual assault, predatory criminal sexual assault of a child, or aggravated criminal sexual abuse or a prosecution for failure of a person who is required to report an alleged or suspected commission of any of these offenses under the Abused and

Neglected Child Reporting Act may be commenced within 20 years

after the child victim attains 18 years of age." 720 ILCS 5/3-6(j)

(West Supp. 2003).

Additionally, defendant asserts that the indictment failed to properly set forth the basis for an extended limitations period. We disagree.

"Where an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period." People v. Morris, 135 Ill. 2d 540, 546 (1990). "As with the other elements which the State must prove, such as the elements of the offense with which a defendant is being charged, '[t]he grounds upon which the People seek to wrest from a defendant the protection of section 3-5 of the Criminal Code [(Ill. Rev. Stat.1987, ch. 38, par. 3-5 (now 720 ILCS 5/3-5 (West 2006)))] should be stated in the information with sufficient specificity to enable him to defend against them.' " Morris, 135 Ill. 2d at 546, quoting People v. Strait, 72 Ill. 2d 503, 506 (1978). "Because the purpose of requiring specificity is to provide notice to the defendant of precisely what the State will attempt to prove (and therefore to allow the defendant an opportunity to prepare a defense), we conclude that the State must not only set forth circumstances which, in and of themselves, would provide a basis for tolling a limitation period, but the State must make clear that those circumstances are in fact the basis upon which the State seeks to toll the limitation period." Morris, 135 Ill. 2d at 547.

We hold that the indictment for count I stated with specificity the circumstances surrounding the charge as well as a basis for extending the limitations period. The indictment

11

indicated defendant was 17 years of age or older when he committed an act of sexual penetration upon A.K., who was under 13 years of age at the time the act of sexual penetration was committed. The indictment stated that this act was in violation of section 12-14(b)(1) and section 3-6(j). Section 12-14(b)(1), as previously discussed, refers to aggravated criminal sexual assault where the offender is 17 years of age or older and victim is under 13 (720 ILCS 5/12-14(b)(1) (West 1994)), whereas section 3-6(j) was the statute in effect at the time of the indictment for extended limitations where the victim was under 18 years of age (720 ILCS 5/3-6(j) (West Supp. 2003)). Defendant was put on notice to defend against both the charge and the basis for an extended statute of limitations. Accordingly, the indictment was proper.

Last, defendant argues that the trial court erred in refusing to withdraw his guilty pleas because he never stipulated to the use of force or threat of force and that the State made false representations about defendant's confession. The State maintains that defendant's pleas were made voluntarily and knowingly.

"Leave to withdraw a plea of guilty is not granted as a matter of right, but as required to correct a manifest injustice under the facts involved. Generally, the decision whether to allow a defendant to withdraw a guilty plea under Rule 604(d) [(188 Ill. 2d R. 604(d))] is left to the discretion of the trial court. In considering such a motion, the court shall evaluate whether the guilty plea was entered through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." People v. Pullen, 192 Ill. 2d 36, 39-40 (2000). We review the trial court's decision for an abuse of discretion. Pullen, 192 Ill. 2d at 40.

12

Defendant bases his assertion that he did not stipulate to the use of force or the threat of force on his statement to the trial court. When the court asked defendant if he would like say anything before he was sentenced, defendant said, "I'm sorry, I didn't kill anybody and I did not force her, okay, I didn't force her, God is with me, he is with me, but this is ridiculous, it really is." However, when the prosecutor presented a factual basis, including the use of force or the threat of force, for each count to which defendant pled guilty, defendant stipulated to those facts.

The trial court stated as follows when it considered this claim:

"As to the charges Defendant pleaded guilty to in which "*by the use of force or threat of force*" is part of the corpus delicti, the presence of either of these alternatives is sufficient to satisfy this element of the offense.

Defendant never indicated that he didn't *threaten* the use of force. The factual basis to support the pleas as recited by the State and stipulated to by Defendant through his attorney following Defendant's knowing pleas of guilty as to each count, spelled out in graphic terms each act of criminal sexual assault. The State's proffer of the evidence relating to the use of force *or the threat of force* in each criminal act, as admitted to by Defendant, was more than sufficient to support the various pleas of guilty." (Emphasis in original.)

We agree with the trial court. Defendant's self-serving statement did not deny the threat

of force. The factual basis presented by the State was more than sufficient to satisfy the requirement of "use of force or threat of force." Defendant entered a knowing and voluntary plea on each count and stipulated to the facts supporting the counts. The trial court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea on this basis.

We also find that defendant's contention that the trial court should have permitted the withdrawal of his guilty pleas because the State made false statements on the record is without support. With regard to this claim, the trial court made the following findings:

> "The assistant [S]tate's [A]ttorney who presented the Court with a factual basis to support the pleas of guilty never stated on the record that Defendant actually wrote out the confession in his own handwriting. The representations to the Court by the prosecutor were essentially that Defendant signed a written confession consistent with the facts spread of record. Moreover, by mutual consent and request of the parties the Court viewed and read Defendant's written statement during the course of a plea discussion conference initiated by Defendant and held with the parties['] attorneys pursuant to Supreme Court Rule 402(d) [177 Ill. 2d R. 402(d)]. The Court finds that it has not been [misled] about the nature of Defendant's admissions and Defendant's allegation of false statement by the prosecutor is wholly without merit."

14

Again, we find no abuse of discretion by the trial court. The record does not support defendant's assertion because the prosecutor never indicated that defendant personally wrote his confession. Rather, the prosecutor stated that a written confession was provided to an ASA. Defendant claims to the contrary are without merit.

For the foregoing reasons, we affirm the decision of the circuit court of Cook County.

Affirmed.

CAHILL and R. GORDON, JJ., concur.