Filed 11/25/09                     NO. 4-07-0696

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| TED GRAY, | ) | No. 01CF1310 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Thomas J. Difanis, |
| | ) | Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

In April 2007, a jury convicted defendant, Ted Gray, of four counts of

predatory criminal sexual assault of a child for performing sexual acts with his minor

daughters, A.G. and J.G.  The trial court sentenced defendant to four consecutive 10-

year prison terms.  Defendant appeals his convictions, claiming (1) they are barred by

the applicable statute of limitations, (2) his trial counsel was ineffective, and (3) his

conviction on one of the counts violated the principles of the one-act, one-crime

doctrine.  For the reasons that follow, we affirm.

I.  BACKGROUND

The State alleged that in 1998 and 1999, defendant sexually assaulted his

11- and 12-year-old daughters in Coles County and Champaign County.  Ultimately,

charges were filed in both counties.  First, in Coles County, the State charged defendant

with four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1), (a)(3) (West 1998))

and one unrelated count of unlawful possession of a weapon without a valid firearm

owner's identification card (430 ILCS 65/2(a)(1) (West 1998)). Defendant pleaded guilty to two counts of criminal sexual assault and to the weapons charge in exchange for the State's dismissal of the other two criminal-sexual-assault charges. The trial court sentenced defendant to five years in prison.

On July 25, 2001, while defendant was in prison serving his Coles County sentence, the Champaign County State's Attorney charged defendant, by information, with five counts of predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2000)). On September 6, 2001, the grand jury returned superseding indictments on all five counts. The State conceded that four of the five Champaign County offenses were based on the same conduct for which defendant was prosecuted in Coles County. (Count III in the Champaign County indictment alleged an act that was not previously charged in Coles County.) Defendant filed a motion to dismiss the other four charges, claiming they were barred by double jeopardy. The Champaign County circuit court denied the motion, and defendant filed an interlocutory appeal.

This court affirmed the trial court's order denying defendant's motion to dismiss, finding that the statutory elements for predatory criminal sexual assault of a child (720 ILCS 5/12-14.1(a)(1) (West 2000)) differ from those of criminal sexual assault (720 ILCS 5/12-13(a) (West 2000)), and one offense was not a lesser-included of the other. Therefore double jeopardy concerns were not implicated. See People v. Gray, 336 Ill. App. 3d 356, 364-65, 783 N.E.2d 170, 177-78 (2003). We found that even though the Coles County prosecutor was not the "proper prosecuting officer" for the charges filed in his county because the conduct allegedly occurred in Champaign

County, by pleading guilty to the charges in Coles County, defendant had waived any objection to the improper venue. Gray, 336 Ill. App. 3d at 366-67, 783 N.E.2d at 179. The supreme court affirmed this court's decision and remanded the cause to Champaign County for further proceedings. People v. Gray, 214 Ill. 2d 1, 3, 823 N.E.2d 555, 556 (2005).

On remand, defendant filed a motion to dismiss the Champaign County charges on the grounds that (1) the statute of limitations had expired (see 725 ILCS 5/114-1(a)(2) (West 2000)), (2) the grand jury was not informed that defendant had been convicted and punished in Coles County for the same conduct, (3) the State had failed to set forth in the indictments the nature and elements of each offense, and (4) the allegations were too vague in terms of the dates of the occurrences.

On June 23, 2006, at the hearing on defendant's motion, defendant's counsel informed the trial court that by "way of an oral motion to dismiss," he was withdrawing the motion as to count V because the conduct for which defendant was charged in that count had allegedly occurred in 1999, not 1998, meaning it was not barred by the applicable statute of limitations. The court took the matter under advisement.

On June 29, 2006, the State filed an additional four-count indictment against defendant (counts VI through IX--those subject to this appeal). While the charges were identical to counts I through IV, the State corrected the pleading by adding an allegation that the applicable statute of limitations should be extended due to the familial relationship between defendant and the victims. The State also alleged the

statute of limitations had been tolled as of July 25, 2001, the filing date of the original charging instruments.

On June 30, 2006, the trial court found "the statute of limitations exception [was] fatal" and granted defendant's motion as to counts I through IV because the State had failed to specifically plead the extension of the statute of limitations due to the victims being defendant's family members. See 720 ILCS 5/3-6(c) (West 2000).

The State proceeded to a bench trial on count V only. The State alleged defendant had committed predatory criminal sexual assault in July 1999 by placing his finger in A.G.'s vagina. The trial court convicted defendant of that offense and sentenced him to 30 years in prison to be served consecutively to his Coles County sentence. Defendant appealed, claiming that this count involved the same conduct as alleged, and to which he pleaded guilty, in count I of the Coles County information. He claimed (1) his conviction constituted a violation of double jeopardy, (2) his trial counsel was ineffective for failing to contest venue, and (3) his conviction constituted a violation of the one-act, one-crime doctrine. Rejecting all three of defendant's claims, this court affirmed defendant's conviction. See People v. Gray, No. 4-07-0117 (July 28, 2008) (unpublished order under Supreme Court Rule 23).

In April 2007, while his appeal in case No. 4-07-0117 was pending, the State proceeded to a jury trial on counts VI through IX. Prior to the start of the trial, the public defender, Randall Rosenbaum, moved to dismiss the indictments for violating the applicable statute of limitations. Rosenbaum argued that section 3-6(c) of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/3-6(c) (West 2006)) required that

the indictments be filed no later than March 25, 2005, for the allegations concerning J.G., as that was the date she turned 19 years old, and May 27, 2006, for the allegation concerning A.G., as the date she turned 19. (He argued the State had one year from each child's eighteenth birthday to file charges against defendant.) Counts VI through IX were not filed until June 2006. In response, the State argued that section 3-7(c) of the Criminal Code (720 ILCS 5/3-7(c) (West 2006)) tolled the limitations period because defendant had been initially charged with the same conduct in counts I through IV in September 2001. The trial court denied Rosenbaum's motion, stating: "Well, I'm gonna deny the motion to dismiss, and that will allow the [a]ppellate [c]ourt to make a determination as to whether or not these offenses are barred." The court proceeded to trial.

A.G. testified first for the State, stating that she was born on May 27, 1987. In the summer of 1998 (she was 11 years old at the time), she went fishing with defendant and J.G. During the trip, defendant took the girls underneath a bridge where they took turns putting his penis in their mouths. A.G. said: "We did what he said." She did not tell her mother about the incident for two years because she was "scared and embarrassed."

J.G. testified that she was born on March 25, 1986. She described the same fishing incident in the summer of 1998 and the same occurrence under the bridge. She was 12 years old at the time. She also described an incident a month later when defendant made her put his penis in her mouth in his bedroom. He then made her lay on the bed with her pants off while he put his mouth on her vagina. Defendant gave

J.G. money so she would not tell anyone.

Dwayne Roelfs, an investigator with the Champaign County sheriff's office, testified that in April 2001, he learned about and followed up on the Coles County investigation of the allegations of sexual abuse. He spoke with A.G. and J.G., who told him that in the summer of 1998, defendant and his family resided in Champaign County. He said he was familiar with the bridge the girls described and confirmed that it was in Champaign County.

Darrell Cox, the Coles County sheriff, testified that he investigated the allegations beginning in November 2000. He conducted a recorded interview of defendant, who was 35 years old at the time. Each juror was given a transcript of the interview, and the recording was played for the jury. The State rested.

Defendant moved for a directed verdict, arguing that the charges were not timely filed. The trial court denied defendant's motion. Defendant did not present any evidence. The jury found defendant guilty of all four charges.

In May 2007, defendant filed a motion for acquittal or, in the alternative, a motion for a new trial. Defendant claimed (1) the charges were untimely, (2) portions of defendant's recorded statement should not have been admitted into evidence, (3) the trial court erred in denying his motion for a directed verdict, (4) the evidence was insufficient to convict, and (5) his conviction on count IX violated the one-act, one-crime rule as he had already pleaded guilty to the offense in Coles County.

In June 2007, the trial court denied defendant's posttrial motion and sentenced him to four 10-year prison terms to be served consecutively to each other and

to his 30-year sentence on count V. Defendant filed a motion to reconsider his sentence, which the court denied. This appeal followed.

## II. ANALYSIS

Defendant raises three claims on appeal: (1) the charges were barred by the statute of limitations, (2) his trial counsel was ineffective for failing to raise the statute-of-limitations issue at trial, and (3) his conviction on count IX violated the one-act, one-crime doctrine.

### A. Statute of Limitations

Defendant claims that section 3-5(b) of the Criminal Code (720 ILCS 5/3-5(b) (West 2000)) bars prosecution of the charges filed in June 2006. That statutory section sets forth, in relevant part, as follows:

> "Unless the statute describing the offense provides
> otherwise, or the period of limitation is extended by [s]ection
> 3-6 [(720 ILCS 5/3-6 (West 2000))], a prosecution for any
> offense not designated in [s]ubsection (a) must be com-
> menced within 3 years after the commission of the offense if
> it is a felony, or within one year and 6 months after its com-
> mission if it is a misdemeanor."

When the State refiled the original counts I through IV as counts VI through IX, it added language to extend and toll the statute of limitations as follows:

> "an extended statute of limitations applies herein pursuant
> to 720 ILCS 5/3-6(c) [(West 2006)], since [the victim] and

defendant are family members as defined in [s]ection 12-12 of the [Criminal] [C]ode and [the victim] would not have reached her 18th birthday until [May 27, 2005, for A.G. and March 25, 2004, for J.G.]. The statute of limitations herein was tolled pursuant to 720 ILCS 5/3-7(c) [(West 2006)] on July 25, 2001."

The extension statute, section 3-6(c), provides for the following exception to the limitation period:

"(c) *** a prosecution for any offense involving sexual conduct or sexual penetration, as defined in [s]ection 12-12 of this Code [(720 ILCS 5/12-12 (West 2006))], where the victim and defendant are family members, as defined in [s]ection 12-12 of this Code [(720 ILCS 5/12-12 (West 2006))], may be commenced within one year of the victim attaining the age of 18 years." 720 ILCS 5/3-6(c) (West 2006).

Section 3-7(c) of the Criminal Code (720 ILCS 5/3-7(c) (West 2006)) provides that the applicable statute of limitations is tolled when: "A prosecution is pending against the defendant for the same conduct, even if the indictment or information which commences the prosecution is quashed or the proceedings thereon are set aside, or are reversed on appeal[.]"

Throughout the trial court proceedings, defendant claimed the amended

June 2006 charges filed against him were untimely. Nevertheless, the trial court denied his motion to dismiss and the case proceeded to trial. Defendant renews his challenge of the timeliness of the indictments.

The State initially charged defendant with this conduct, by information, on July 25, 2001. The State alleged the crimes occurred in the "Summer 1998." Pursuant to section 3-5(b) of the Criminal Code (720 ILCS 5/3-5(b) (West 2000)), these felony charges were required to be commenced within three years of the commission of the offense. On June 30, 2006, the trial court dismissed counts I through IV due to the State's failure to specifically plead an extension of the applicable statute of limitations in the original charging instrument.

On June 29, 2006, the State amended the charges and returned new indictments, alleging the identical conduct, but pleading (1) an extended statute of limitations due to the victims' ages and familial relationship with defendant, and (2) that the limitations period had been tolled upon the filing of the original charges. Over defendant's objection, the trial court allowed the State to refile the charges.

This court has previously addressed the issue of whether the trial court properly allowed the State to amend its charging instrument to include language setting forth the allegation tolling the statute of limitations. People v. Martin, 266 Ill. App. 3d 369, 640 N.E.2d 638 (1994). In finding no error, we stated:

"Section 111-5 of the Code of Criminal Procedure of 1963

(Procedural Code) (Ill. Rev. Stat. 1991, ch. 38, par. 111-5 [now

725 ILCS 5/111-5 (West 2006)]) provides that a charging

instrument may be amended at any time to correct formal defects. [Citation.] If the amendment does not involve a material change in the allegations contained in the original charging instrument, the amendment is merely technical in nature and constitutes a formal defect within the meaning of section 111-5. Furthermore, a defendant's lack of surprise by the amendment strengthens the finding that the amendment is merely technical. [Citation.] Where the defendant is neither surprised nor prejudiced, the trial court commits no error in allowing the State to amend the charging instrument." Martin, 266 Ill. App. 3d at 373, 640 N.E.2d at 641-42.

Defendant cannot contend he was prejudiced or surprised by the June 2006 amendment charging him with precisely the same conduct that was the subject of the proceedings then pending against him. The new charges alleged the extension of the statute of limitations pursuant to section 3-6(c) of the Criminal Code (720 ILCS 5/3-6(c) (West 2006)), which required the charges to be filed within one year of the victims' eighteenth birthdays, by March 25, 2005, and May 27, 2006. Because the original pending July 2001 charges tolled the statute of limitations, the June 2006 charges were timely filed.

Defendant poses an alternative claim as follows: "Assuming arguendo, that the State properly charged the extended term and tolling language, the State still failed to present any evidence regarding either the extended term or a tolling of the

limitation term at trial." (Emphasis in original.) In support, defendant cites People v. Coleman, 245 Ill. App. 3d 592, 596, 615 N.E.2d 53, 55 (1993), for the following proposition: "[T]he facts upon which an extension of the limitations period is sought are material allegations to the criminal charge which not only must be proved but must be pleaded as well." Indeed, other courts have likewise held using similar language. See People v. Stone, 374 Ill. App. 3d 980, 987, 871 N.E.2d 871, 877 (2007) (an element of the State's case to allege and prove); People v. Meier, 223 Ill. App. 3d 490, 491, 585 N.E.2d 232, 234 (1992) (allegations must not only be proved but pleaded as well); People v. Hawkins, 34 Ill. App. 3d 566, 568, 340 N.E.2d 223, 225 (1975) (an element which must always be pleaded and proved). These holdings are derived from the supreme court's decisions in People v. Strait, 72 Ill. 2d 503, 381 N.E.2d 692 (1978), and People v. Morris, 135 Ill. 2d 540, 554 N.E.2d 150 (1990). Both cases considered the State's appeal after the appellate courts had reversed the defendants' convictions, finding that the charging documents should have been dismissed as insufficient for failing to allege the tolling of the limitation period. See Strait, 72 Ill. 2d at 506, 381 N.E.2d at 693; Morris, 135 Ill. 2d at 548, 554 N.E.2d at 153-54.

In Strait, the court stated: "This court has consistently held that[,] although the precise allegation and proof of time or date are not necessary, the charging document must allege that the crime was committed at some time prior to the return of the indictment or the filing of the information and within the period fixed by the statute of limitations. [Citations.] Alternatively, facts may be alleged and proved which by reason of the provisions of sections 3-6, 3-7[,] and 3-8 [(now 720 ILCS 5/3-6, 3-7, 3-8

(West 2006))] would toll the running of the statute." Strait, 72 Ill. 2d at 505-06, 381 N.E.2d at 693.

In Morris, the court noted that Strait was "still controlling precedent in Illinois" and reiterated the "long-established rule," stating: "Where an indictment on its face shows that an offense was not committed within the applicable limitation period, it becomes an element of the State's case to allege and prove the existence of facts which invoke an exception to the limitation period." Morris, 135 Ill. 2d at 543, 546, 554 N.E.2d at 151, 153.

We conclude that the principle, as stated in Strait and Morris, that the State must plead and prove the circumstances justifying either an extension or tolling of the limitation period, should not be interpreted to mean the State has to prove such circumstances to the jury in every case. As discussed below, there may be times when the State must prove to the fact finder at trial the allegations related to the applicable statute of limitations. However, in the majority of cases, including the case before us, the State must prove to the court before the trial, upon a challenge by the defendant, typically in the form of a motion to dismiss pursuant to section 114-1(a)(2) of the Procedural Code (725 ILCS 5/114-1(a)(2) (West 2006)), that particular circumstances justify an extension or tolling of the limitation period. The court either decides the question of law (725 ILCS 5/114-1(c) (West 2006)), or if questions of fact arise, the court conducts a hearing to determine the issues (725 ILCS 5/114-1(d) (West 2006)). The remedy for the State's failure to sufficiently plead and/or prove the circumstances is the dismissal of the charging document, not an acquittal. Should the trial court find the

charging documents insufficient in this regard, the State has the option to amend or refile the charges. See People v. Cray, 209 Ill. App. 3d 60, 65, 567 N.E.2d 598, 601 (1991) (the State's failure to include tolling or extending information in the indictment is a technical error and allows for reindictment). The case law referred to above requires the State to specifically plead the facts upon which it relies in prosecuting the defendant for a crime that appears to have been committed beyond the limitation period.

"[T]he purpose of requiring specificity [in the charging instrument] is to provide notice to the defendant of precisely what the State will attempt to prove (and therefore to allow the defendant an opportunity to prepare a defense)***." Morris, 135 Ill. 2d at 547, 554 N.E.2d at 153. There are a multitude of statutory reasons for the possibility of extending or tolling the statute of limitations. See 720 ILCS 5/3-6, 3-7 (West 2006). For that reason, it necessarily follows that the State should be required to sufficiently and specifically plead such circumstances in order to provide the defendant notice. If those circumstances are not sufficiently and specifically pleaded, the defendant may challenge the sufficiency of the indictment or information, as stated above, by filing a motion to dismiss pursuant to section 114-1(a) of the Procedural Code (725 ILCS 5/114-1(a) (West 2006)). Upon such a challenge, the burden shifts to the State to prove to the trial court that (1) the prosecution of the defendant is proceeding within the applicable time frame, (2) the charging instrument is, in fact, valid, and (3) the case should proceed to trial. The State's burden to "prove," as the term is used in the above-cited case law, does not mean the jury must always determine whether the extension or tolling applies. That, in and of itself, is a question of law for the trial court. See Barnett

v. Clark, 113 Ill. App. 3d 1091, 1092-93, 448 N.E.2d 254, 254 (1983) (question of whether a statute of limitation is tolled is a question of law).  See also People v. Bruner, 343 Ill. 146, 156, 175 N.E. 400, 404 (1931) (long-established rule that jurors in a criminal trial have no right to decide questions of law).

Our decision here that the State must allege and prove to the trial court, not always to the jury, that the prosecution is proceeding within the applicable statute-of-limitations period is supported, not only by the case law set forth above, but by the section of the Procedural Code governing motions to dismiss.  Section 114-1(a)(2) of the Procedural Code (725 ILCS 5/114-1(a)(2) (West 2006)) provides that a defendant may move to dismiss the charging instrument if he believes the charges are barred by the limitation period and no extension or tolling provision applies.  Here, no questions of fact were open for resolution as to the circumstances justifying an extension of the statute of limitations because the ages of the victims and their familial relationship to defendant were not contested.  Section 114-1(c) provides that the trial court shall determine any question of law presented by a motion to dismiss.  See 725 ILCS 5/114-1(c) (West 2006).  Thus, we find sections 114-1(a)(2) and (c) of the Procedural Code (725 ILCS 5/114-1(a)(2), (c) (West 2006)) do not run afoul of the principle set forth in Strait and Morris.  Whether the prosecution of a defendant is barred by the applicable statute of limitations and, likewise, whether the applicable statute of limitations has been extended or tolled are generally questions of law that must be decided by the trial court.  The State has the burden of pleading and proving any element extending or tolling the limitation period if the defendant challenges the timeliness of the charges in

a pretrial motion to dismiss.

As defendant indicates, a jury instruction addresses the State's burden of proving any exception to the applicable statute of limitations. See Illinois Pattern Jury Instructions, Criminal, No. 24-25.23 (4th ed. 2000). However, we have found no appellate decision referencing the use of this instruction at trial. The committee note regarding this instruction quotes Morris as the basis for the instruction. See Morris, 135 Ill. 2d at 546, 554 N.E.2d at 153. Neither Morris nor any case referring to the State's burden to prove this element addresses the issue in the context of a jury trial. See Morris, 135 Ill. 2d at 546, 554 N.E.2d at 153 (question presented upon a motion to dismiss); Strait, 72 Ill. 2d at 504, 381 N.E.2d at 693 (bench trial); People v. Carman, 385 Ill. 23, 24, 52 N.E.2d 197, 198 (1943) (jury trial, but the court noted the issue presented a question of law); People v. Ross, 325 Ill. 417, 418, 156 N.E. 303, 303 (1927); Stone, 374 Ill. App. 3d at 981, 871 N.E.2d at 873 (guilty plea); Coleman, 245 Ill. App. 3d at 593, 615 N.E.2d at 54 (motion to dismiss); Meier, 223 Ill. App. 3d at 490, 585 N.E.2d at 233 (bench trial); Hawkins, 34 Ill. App. 3d at 567, 340 N.E.2d at 223 (bench trial); People v. Munoz, 23 Ill. App. 3d 306, 306, 319 N.E.2d 98, 99 (1974) (motion to dismiss).

Although there have been no reported decisions in which the jury was required to determine a statute-of-limitations issue, such a situation is possible. If the information or indictment sufficiently alleges that the crime occurred within the applicable limitations period, a defendant would have no basis to challenge the charging document in a pretrial motion. See People v. Adams, 161 Ill. 2d 333, 342, 641 N.E.2d 514, 518 (1994) (pretrial motion was not required challenging venue as it was suffi-

- 15 -

ciently alleged; failure to prove at trial was another matter).  However, a factual issue may arise at trial in the form of witness testimony or documentary evidence.  In that case, the factual issue would be resolved by the jury and the jury would be instructed regarding the applicable law.  This is not one of those cases.  The State alleged the extension and tolling of the statute of limitations.  Although defendant challenged the timeliness of the charges, he did not dispute the victims' birthdays were different than those alleged in the charging instrument.  He raised no factual dispute on the conditions upon which the State relied in extending the limitation period.  There was nothing in this case for the jury to decide.

Simply put, the decision of whether circumstances exist that either extend or toll the applicable statute of limitation is typically not one for a jury if that issue can be raised and argued prior to trial.  That is, if the question is raised by the allegations as they appear in the charging instrument.  The State's burden of proof does not always extend to a responsibility to adduce evidence of the exception to the limitations period before the jury.  Again, the State must plead and subsequently prove to the trial court the circumstances that would justify any extension or tolling of the general applicable statute of limitations when the defendant challenges the timeliness in a pretrial motion.

Here, the State satisfied its burden when defendant challenged the timeliness of the indictments.  At a hearing, the State proved, to the satisfaction of the trial court, that circumstances existed that effectively tolled and extended the applicable statute of limitations.  We find no error in the court's decision.

B.  Ineffective Assistance of Counsel

Defendant next contends his trial counsel was ineffective for failing to present a defense and tender the appropriate jury instruction relating to the statute-of-limitations issue. Defendant urges this court to consider his claim in the context of the standards set forth in Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984) (to succeed, a defendant must demonstrate counsel's substandard performance and resulting prejudice). Our decision on the previous issue, set forth above, precludes further discussion on this issue and is determinative of defendant's claim of ineffective assistance of trial counsel. We found no error in the trial court's decision allowing the State to proceed on the June 2006 indictments, which sufficiently alleged the statute of limitations had been extended and tolled.

## C. One-Act, One-Crime

Finally, defendant contends his conviction on "count IV" violated the one-act, one-crime rule. (Throughout his argument in his opening brief, defendant refers to "count IV" even though that count was dismissed prior to trial. In his reply brief, he admits the reference to count IV was error and he intended the same argument with regard to count IX. Therefore, we will address the matter with reference to count IX.)

Prior to the instant charges being filed against defendant in Champaign County, defendant pleaded guilty to similar charges in Coles County. In 2000, Coles County charged defendant with four counts of criminal sexual assault (720 ILCS 5/12-13(a)(1), (a)(3) (West 1998)). Defendant pleaded guilty to two counts (counts I and II) in exchange for the State's dismissal of the remaining two. Count II alleged that in 1998, in Coles County, defendant sexually penetrated J.G. by placing his mouth over her

- 17 -

vagina and his fingers in her vagina. Count IX of the Champaign County indictments alleged defendant placed his mouth on J.G.'s "sex organ" in the summer of 1998 in Champaign County. Throughout these proceedings, including the previous appeals, it has been uncontested that the Coles County charges and the Champaign County charges are based on the same acts.

Defendant argues that the one-act, one-crime rule has been violated in that defendant has been punished twice for the same act. He acknowledges that typically such violation is remedied by vacating the conviction of the lesser crime. The lesser crime in this instance is his conviction in Coles County of criminal sexual assault (720 ILCS 5/12-13(a)(1), (a)(3) (West 1998)), a Class 1 felony. As defendant admits, this court lacks the authority to vacate that conviction because it is not before this court in this appeal. Instead, he argues that, due to the "unique problem" before us, we should vacate his Champaign County conviction and sentence on count IX for predatory criminal sexual assault (720 ILCS 5/12-14.1(a)(1) (West 2000)), a Class X felony, despite the fact that it is considered the more serious offense.

The case law makes clear that "[o]f course, when a defendant is charged in several counts with a single offense and multiple convictions have been entered, the 'one-act, one-crime' doctrine provides that judgment and sentence may be entered only on the most serious offense." People v. Smith, 233 Ill. 2d 1, 20, 906 N.E.2d 529, 540 (2009). See also People v. Artis, 232 Ill. 2d 156, 170, 902 N.E.2d 677, 686 (2009); People v. Mack, 105 Ill. 2d 103, 137, 473 N.E.2d 880, 898 (1984). Some discussion of the general principles regarding the application of the one-act, one-crime doctrine is

necessary for an understanding of our disposition. In <u>People v. King</u>, 66 Ill. 2d 551, 363 N.E.2d 838 (1977), the supreme court held:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense. We hold, therefore, that when more than one offense arises from a series of incidental or closely related acts and the offenses are not, by definition, lesser included offenses, convictions with concurrent sentences can be entered." <u>King</u>, 66 Ill. 2d at 566, 363 N.E.2d at 844-45.

We find that none of the factors set forth in <u>King</u> apply here. First, we do not have a situation where more than one offense is carved from the same physical act. Regardless of any concession on the parties' behalf that the two different prosecutions in two different counties were based on the same conduct, the concept with regard to a particular act is an impossibility. Granted, some of the conduct alleged in the various

counts in both counties may have overlapped in terms of where the incident actually occurred. Some incidents may have occurred in Coles County, some in Champaign County, and some in both counties. However, based on the record before us, we can assume only that defendant, on more than one occasion, placed his mouth on J.G.'s vagina. Defendant admitted that one such act occurred in Coles County. The State proved at trial that one such act occurred in Champaign County. The same physical act could not have occurred in both counties at the same time. Thus, based on this record, we do not have before us the situation set forth in King where "more than one offense is carved from the same physical act." King, 66 Ill. 2d at 566, 363 N.E.2d at 844.

Second, we do not have a situation where defendant has suffered prejudice from being convicted of more than one offense for multiple acts because neither of the two offenses for which he was convicted is, by definition, a lesser-included offense of the other. See Gray, 214 Ill. 2d at 8, 823 N.E.2d at 559 (each offense required proof of an element not required by the other). If the offense is not a lesser-included offense, then multiple convictions are permissible. People v. Rodriguez, 169 Ill. 2d 183, 186, 661 N.E.2d 305, 306-07 (1996).

The evidence in this case has been muddled with inconsistencies about where and when defendant actually sexually abused the victims. Evidence supports the conclusion that the acts occurred in either or both counties. Our duty as a court of review is not to determine where or when the conduct actually occurred. See In re Gino W., 354 Ill. App. 3d 775, 777, 822 N.E.2d 592, 594 (2005) ("The fact finder, not a court of review, must assess the credibility of the witnesses, resolve conflicts in the evidence,

and decide what reasonable inferences to draw from the evidence").  We must assume, given this record, that the act alleged in count IX  occurred at least once in Coles County, as defendant admitted by pleading guilty to count II there, and at least once in Champaign County as the jury found based on the evidence presented during trial.  With more than one act at issue, the one-act, one-crime doctrine is inapplicable.  See People v. Simpson, 54 Ill. App. 3d 504, 506, 369 N.E.2d 915, 916 (1977) (one-act, one-crime does not apply when "two offenses [that] constitute different acts *** arose from different conduct occurring in different counties and at different times").

During the pendency of this appeal, defendant filed a motion to strike portions of the State's brief.  In particular, defendant claimed the State's citation to this court's prior Rule 23 order in People v. Gray, No. 4-07-0117 (July 28, 2008) (unpublished order under Supreme Court Rule 23), was improper.  We ordered the motion to be taken with the case and we now deny defendant's motion as the citation was not made as a citation to the law enumerated in our previous Rule 23 order but rather a reference to the prior proceedings before this court.

### III.  CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.  As part of our judgment, we award the State its $75 statutory assessment against defendant as costs of this appeal.

Affirmed.

KNECHT and POPE, JJ., concur.

- 21 -