2020 IL App (1st) 172925-U

THIRD DIVISION
December 23, 2020

No. 1-17-2925

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | Nos.   03 CR 18115 |
| | ) |         03 CR 18117 |
| EDWARD STONE, | ) |         03 CR 18118 |
| | ) |         03 CR 18119 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Colleen Hyland, |
| | ) | Judge Presiding. |

_____

JUSTICE McBRIDE delivered the judgment of the court.
Presiding Justice Howse and Justice Ellis concurred in the judgment.

**ORDER**

¶ 1    *Held*:  No error occurred in the second stage dismissal of defendant's postconviction petition where defendant received reasonable assistance from his appointed postconviction counsel.

¶ 2    Defendant Edward Stone appeals the trial court's second-stage dismissal of his postconviction petition after the State moved to dismiss. Defendant raises a single claim on appeal, he argues that his postconviction counsel provided unreasonable assistance in violation

of Supreme Court Rule 651(c) (eff. July 1, 2017) by failing to amend defendant's petition and adequately examine the record.

¶ 3    We discuss only the facts necessary for our disposition of the issues in this appeal. For a more thorough discussion of the facts see defendant's direct appeal. *People v. Stone*, 374 Ill. App. 3d 980 (2007).

¶ 4    In August 2003, defendant was charged under case numbers 03 CR 18115, 03 CR 18116, 03 CR 18117, 03 CR 18118, and 03 CR 18119 for the repeated sexual assault of his stepdaughter, A.K., from 1992 until 2003. According to the indictments, defendant began sexually assaulting his stepdaughter A.K. when she was nine years old and the abuse continued for over a decade. In March 2005, defendant entered a guilty plea and in exchange, the State moved to nol-pros the indictment in case number 03 CR 18116. Under the agreed sentence structure, defendant received a sentence of 24 years in prison.

¶ 5    Defendant filed a motion to withdraw his plea, arguing that the statute of limitations had expired for some of the offenses, that the prosecutor made false and inflammatory statements at the plea hearing, and defendant denied he committed these offenses by the use of force. The trial court denied defendant's motion. On direct appeal, defendant asserted that the indictment in case number 03 CR 18117 for aggravated criminal sexual assault failed to allege that the act was committed with force or the threat of force, the statute of limitations had expired for the indictments in case numbers 03 CR 18117 and 03 CR 18119, and the trial court erred in denying his motion to withdraw his guilty plea because he never stipulated to the use of force and the State made false statements about his confession. We affirmed defendant's conviction and sentence. See *Stone*, 374 Ill. App. 3d 980.

¶ 6     In December 2010, defendant filed a petition for relief from judgment pursuant to section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2010)), arguing that the trial court failed to advise him that two counts of criminal sexual assault in case number 03 CR 18118 were required to be served consecutively. The court dismissed defendant's petition and defendant appealed. This court affirmed defendant's convictions, but vacated his sentences and remanded for his sentences to be reconfigured in accordance with defendant's plea agreement and the applicable statutes. *People v. Stone*, 2013 IL App (1st) 111344, ¶ 25. On remand, the trial court reformed defendant's sentences to be served consecutively for an aggregate term of 24 years.

¶ 7     In June 2012, defendant filed his *pro se* postconviction petition in which he alleged actual innocence and ineffective assistance of both trial and posttrial counsels. In regard to his trial counsel, defendant asserted that his trial counsel was ineffective for failing (1) to explain the terms of defendant's sentence to defendant, (2) pressuring defendant to plead guilty, (3) failing to investigate defendant's coerced statement and the victim's false statement, and (4) failing to investigate defendant's mental health issues. Defendant alleged that his posttrial counsel was ineffective for failing to argue the ineffectiveness of the trial counsel and failing to raise a claim of defendant's actual innocence. Defendant attached several of his own affidavits as well as affidavits from his mother, stepfather, and other family friends.

¶ 8     Defendant's postconviction petition was advanced to the second stage and an attorney from the public defender's office was appointed to represent defendant. In July 2016, postconviction counsel filed a certificate in accordance with Supreme Court Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)). In his Rule 651(c) certificate, counsel stated:

"1. I have consulted with the Petitioner, Edward Stone, by letters and by telephone on numerous occasions to ascertain his contentions of deprivations of constitutional rights.

2. I have obtained, examined and photocopied the Report of Proceedings and Common Law record of the Petitioner's trial, documents from the former appellate attorney files and Illinois Appellate Court decisions in 06-0839, 11-1344 and 12-2604 in the instant case.

3. I have examined the Petitioner's *Pro-Se* Post-Conviction Petition and Petition for Relief of Judgment and they adequately present his claims of deprivations of constitutional rights. Thus, there is nothing that can be added by an amended or additional supplemental petition."

¶ 9     In February 2017, the State moved to dismiss defendant's postconviction petition and asserted multiple grounds for dismissal. First, the State argued that defendant's petition was untimely because it was filed in 2012 more than two years after the statutory deadline and defendant failed to allege that the delay was not due to his culpable negligence. See 725 ILCS 5/122-1(c) (West 2016). The State also contended that defendant's petition did not assert actual innocence and thus, was subject to the statute of limitations. Next, the State argued that defendant's claims regarding reasonable doubt, his guilty plea, and his motion to dismiss the indictment were barred by *res judicata* because these issues had been raised on direct appeal. The State also contended that defendant's claims relating to his mental health, his confession, the victim's statement, and the length of his interrogation at the police station were forfeited because defendant could have raised these claims on direct appeal. Finally, the State asserted that

4

defendant's claims of ineffective assistance of trial and posttrial attorneys lacked merit. At a May 2017 status hearing, defendant's postconviction counsel informed the trial court that he was prepared to stand on defendant's pleadings and would not be filing a response to the State's motion to dismiss.

¶ 10 In July 2017, the court conducted a hearing on the State's motion to dismiss defendant's petition. At the hearing, postconviction counsel argued the merits of defendant's postconviction claims and offered to provide the court with the complete report of proceedings from defendant's trial court proceedings. Counsel specifically directed the court to the defendant's claims of ineffective assistance of counsel. Counsel also pointed out that in support of defendant's claim that his plea was involuntary, defendant had provided an affidavit stating he was suffering from a mental illness.

¶ 11 In October 2017, the trial court entered a written order granting the State's motion and dismissing defendant's postconviction petition. In its order, the court found that defendant's claims relating to his guilty plea were without merit and defendant failed to provide any support for his claims of ineffective assistance of trial and posttrial counsel. The court concluded that defendant "failed to make a substantial showing that his constitutional rights were violated." Notably, and as we explain later, the trial court did not dismiss defendant's postconviction petition on untimeliness grounds.

¶ 12 This appeal follows.

¶ 13 The Post-Conviction Hearing Act (Post-Conviction Act) (725 ILCS 5/122-1 through 122-8 (West 2016)) provides a tool by which those under criminal sentence in this state can assert that their convictions were the result of a substantial denial of their rights under the United States

Constitution or the Illinois Constitution or both. 725 ILCS 5/122-1(a) (West 2016); *People v. Coleman*, 183 Ill. 2d 366, 378-79 (1998). Postconviction relief is limited to constitutional deprivations that occurred at the original trial. *Id*. at 380. "A proceeding brought under the [Post-Conviction Act] is not an appeal of a defendant's underlying judgment. Rather, it is a collateral attack on the judgment." *People v. Evans*, 186 Ill. 2d 83, 89 (1999). "The purpose of [a postconviction] proceeding is to allow inquiry into constitutional issues relating to the conviction or sentence that were not, and could not have been, determined on direct appeal." *People v. Barrow*, 195 Ill. 2d 506, 519 (2001). Thus, *res judicata* bars consideration of issues that were raised and decided on direct appeal, and issues that could have been presented on direct appeal, but were not, are considered forfeited. *People v. Blair*, 215 Ill. 2d 427, 443-47 (2005).

¶ 14    At the first stage, the circuit court must independently review the postconviction petition within 90 days of its filing and determine whether "the petition is frivolous or is patently without merit." 725 ILCS 5/122-2.1(a)(2) (West 2016). "The petition may not be dismissed as untimely at the first stage of the proceedings." *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). If the circuit court does not dismiss the postconviction petition as frivolous or patently without merit, then the petition advances to the second stage. Counsel is appointed to represent the defendant, if necessary (725 ILCS 5/122-4 (West 2016)), and the State is allowed to file responsive pleadings (725 ILCS 5/122-5 (West 2016)). At this stage, the circuit court must determine whether the petition and any accompanying documentation make a substantial showing of a constitutional violation. See *Coleman*, 183 Ill. 2d at 381. If no such showing is made, the petition is dismissed. If, however, a substantial showing of a constitutional violation is set forth, then the petition is advanced to the third stage, where the circuit court conducts an evidentiary hearing. 725 ILCS

5/122-6 (West 2016).

¶ 15     On appeal, defendant argues only that his postconviction counsel provided unreasonable assistance in his postconviction proceedings. Specifically, defendant contends that his postconviction counsel failed to make the necessary amendments to his petition, to sufficiently examine the record, and to correct the State's motion to dismiss which alleged defendant's mental illness claim was unsupported. In response to the third claim of unreasonable assistance, the State cited to the transcript of the hearing where postconviction counsel argued that defendant had attached an affidavit to support his mental illness claim. In his reply, defendant acknowledges the State is correct and concedes that claim. Therefore, we need not consider this claim of unreasonable assistance any further.

¶ 16     Defendant has not challenged the dismissal of his postconviction petition on the merits. Accordingly, defendant as a result, has forfeited any argument that his claims of constitutional deprivation were meritorious. *People v. Cotto*, 2016 IL 119006, ¶ 49; Ill. S. Ct. R. 341(h)(7) (eff. May 25, 2018) ("Points not argued are forfeited and shall not be raised in the reply brief, in oral argument, or on petition for rehearing").

¶ 17     The right to counsel in postconviction proceedings is statutory as provided in the Post-Conviction Act, not a constitutional right. *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Further, "a defendant in postconviction proceedings is entitled to only a 'reasonable' level of assistance, which is less than that afforded by the federal or state constitutions." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006). Rule 651(c) provides that postconviction counsel file a certificate stating that he or she (1) consulted with the defendant to ascertain his contentions of deprivation of constitutional right, (2) examined record of the proceedings at the trial, and (3) amended the

defendant's pro se petition, if necessary, to ensure that defendant's contentions are adequately presented. Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013).

¶ 18    "Fulfillment of the third obligation under Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule." *People v. Greer*, 212 Ill. 2d 192, 205 (2004). The supreme court has "repeatedly held that the purpose of Rule 651(c) is to ensure that counsel shapes the petitioner's claims into proper legal form and presents those claims to the court." *Perkins*, 229 Ill. 2d at 43-44 (citing *People v. Pinkonsly*, 207 Ill. 2d 555, 568 (2003), quoting *People v. Owens*, 139 Ill. 2d 351, 364-65 (1990)).

¶ 19    Additionally, the supreme court in *Pendleton* observed that " 'post conviction counsel is only required to investigate and properly present the *petitioner's* claims.' " (Emphasis in original.) *Pendleton*, 223 Ill. 2d at 472 (quoting *Davis*, 156 Ill. 2d at 164). "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " *Id*. at 475 (quoting *Davis*, 156 Ill. 2d at 164). " 'Postconviction counsel is not required to comb the record for issues not raised in the defendant's *pro se* post-conviction petition.' " *People v. Rials*, 345 Ill. App. 3d 636, 641 (2003) (quoting *People v. Helton,* 321 Ill. App. 3d 420, 424-25 (2001)). A postconviction petitioner is "not entitled to the advocacy of counsel for purposes of exploration, investigation and formulation of potential claims." *Davis*, 156 Ill. 2d at 163.

¶ 20    "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that post-conviction counsel provided reasonable assistance." *People v. Profit*, 2012 IL App (1st) 101307,

¶ 19. "It is defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id*. We review whether counsel substantially complied with Rule 651(c) *de novo*. *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 21     Postconviction counsel filed a Rule 651(c) certificate and stated that he had (1) consulted with defendant by letter and telephone "on numerous occasions to ascertain his contentions of deprivations of constitutional rights"; (2)  obtained and examined the report of proceedings and common law record from defendant's trial as well as documents from his former appellate attorney's files and the prior appellate decisions; and (3) examined defendant's *pro se* petition and the petition "adequately" presented defendant's claims of deprivations of constitutional rights and "there is nothing that can be added by an amended or additional supplemental petition." Because counsel filed a Rule 651(c) certificate, postconviction counsel is presumed to have provided reasonable assistance to defendant.

¶ 22     Defendant offers no argument in either his opening or reply briefs regarding whether this presumption has been rebutted in this case, but rather contends that postconviction counsel did not substantially comply with Rule 651(c). According to defendant, his postconviction counsel should have amended defendant's *pro se* petition to offer a defense to the untimeliness of the petition or, alternatively, should have moved to withdraw pursuant to *Greer*, 212 Ill. 2d at 206-07. Defendant further asserts that postconviction counsel failed to substantially comply with his duty to examine the record under Rule 651(c) because counsel was not sufficiently familiar with the transcripts during the hearing on the motion to dismiss.

¶ 23    After carefully reviewing the record, we find that defendant has failed to overcome the presumption that postconviction counsel provided reasonable assistance during second stage proceedings for the reasons that follow.

¶ 24    First, we address defendant's contention that under *Greer*, postconviction counsel "must move to withdraw" if he believed defendant had no defense to untimeliness of the petition. Defendant's argument is flawed because he assumes that his postconviction counsel found defendant's petition to be frivolous. However, nowhere in the record did counsel state that defendant's claims were meritless. Moreover, contrary to defendant's contention, "[t]here is no requirement that post-conviction counsel must amend a petitioner's *pro se* post-conviction petition." *People v. Turner*, 187 Ill. 2d 406, 412 (1999) (citing *People v. Spreitzer*, 143 Ill. 2d 210, 221 (1991)); see also *People v. Pace*, 386 Ill. App. 3d 1056, 1062 (2008). As previously observed, Rule 651(c) only requires counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner. *Pendleton*, 223 Ill. 2d at 475. Here, counsel's Rule 651(c) certificate stated that he found defendant's *pro se* petition adequately set forth his constitutional claims and no amendment was necessary. There is nothing in the Rule 651(c) certificate or counsel's statements before the court to suggest that he found defendant's claims to be frivolous and lacked merit.

¶ 25    Even if counsel had found defendant's claim to be frivolous, which we do not find, he was not required to withdraw from the case. In *Greer*, a defendant whose postconviction counsel was allowed to withdraw contended on appeal that there was no authority for withdrawal in a postconviction case and that he was deprived of his right to counsel by the withdrawal. The court in *Greer* held that

"Rule 651(c) does not require postconviction counsel to advance frivolous or spurious claims on defendant's behalf. If amendments to a *pro se* postconviction petition would only further a frivolous or patently nonmeritorious claim, they are not 'necessary' within the meaning of the rule. Moreover, the mere filing of an amended petition by counsel under such circumstances would appear to violate the proscriptions of Supreme Court Rule 137," which provides that an attorney's signature on a pleading or motion is a certificate that the document is grounded in fact and warranted by the law or a good-faith argument to change the law. *Id*. at 205.

¶ 26    The supreme court reviewed the purpose of appointing postconviction counsel and the legislative intent for that representation. The court found that it was

"confident that the legislature did not intend to require appointed counsel to continue representation of a postconviction defendant after counsel determines that defendant's petition is frivolous and patently without merit. Nothing in the Act requires the attorney to do so, and the attorney is clearly prohibited from doing so by his or her ethical obligations." *Id*. at 209.

¶ 27    The *Greer* court then considered the circumstances of the case before it and observed that the record demonstrated that the defendant's petition was frivolous and without merit.

"Under the circumstances, the [Post-Conviction] Act presents no impediment to withdrawal of counsel. Although we hasten to emphasize that the inability of postconviction counsel to 'properly substantiate' a defendant's claims is not the standard by which counsel should judge the viability of a defendant's

11

postconviction claims, and that an attorney moving to withdraw should make some effort to explain why defendant's claims are frivolous or patently without merit, it nonetheless appears that counsel fulfilled his duties as prescribed by Rule 651(c), and the record before us supports counsel's assessment that the defendant's postconviction claims were frivolous and without merit." *Id*. at 211-12.

¶ 28 Defendant interprets *Greer* to require a postconviction counsel to withdraw when counsel finds the claims alleged to be frivolous. However, the supreme court's holding was not as broad as defendant suggests. Rather, the court found no error in that case where the postconviction counsel asked to withdraw. The supreme court has subsequently addressed the *Greer* holding as follows.

"In *Greer,* the issue was whether postconviction counsel may seek to withdraw as counsel due to a petition's lack of merit. This court determined that such a procedure was *permissible*, noting that under Rule 137 counsel could not ethically pursue claims that were frivolous and patently without merit." (Emphasis added.) *Suarez*, 224 Ill. 2d at 43 (citing *Greer,* 212 Ill. 2d at 209).

¶ 29 Subsequent appellate decisions have recognized withdrawal as one option for an attorney faced with a meritless postconviction petition. In *Pace*, 386 Ill. App. 3d at 1062, the Fourth District observed that counsel had two options when faced with meritless claims: "stand on the allegations in the *pro se* petition and inform the court of the reason the petition was not amended" or withdraw as counsel.

¶ 30     In *People v. Malone*, 2017 IL App (3rd) 140165, the defendant filed a *pro se*

postconviction petition raising various claims. *Id.* ¶ 4. The trial court appointed counsel to

represent the defendant. *Id.* ¶ 5. Postconviction counsel filed a Rule 651(c) certificate, but did not

amend the defendant's postconviction petition. *Id.* The State filed a motion to dismiss. At the

hearing on the State's motion, postconviction counsel stated that while he disagreed with the

argument set forth in the State's motion to dismiss, he would stand on the arguments set forth in

the *pro se* postconviction petition. *Id.* The defendant then made a statement, expanding on the

arguments made in his postconviction petition. The trial court offered the defendant the

opportunity to submit additional documentation for his claims, but the defendant did not do so.

The trial court granted the State's motion to dismiss. *Id.*

¶ 31     On appeal, the defendant argued that his postconviction counsel provided unreasonable

assistance and should have either amended his petition or asked to withdraw. *Id.* ¶ 7. However,

the reviewing court rejected the defendant's argument.

> "Postconviction counsel *** is not required to amend a defendant's *pro*
>
> *se* postconviction petition. [Citation.] Ethical obligations prevent counsel from
>
> doing so if the claims are frivolous. [Citation.] If the claims are frivolous,
>
> postconviction counsel has the option of standing on the allegations in the *pro*
>
> *se* petition or to withdraw as counsel. [Citation.] Further, the defendant does not
>
> make any recommendations as to how counsel could have improved the petition,
>
> other than stating that counsel did not attach any affidavits supporting the
>
> claims." *Id.* ¶ 10.

¶ 32     The *Malone* court further held in regard to *Greer*.

13

> "In coming to this conclusion, we reject the defendant's contention that if postconviction counsel could not amend the *pro se* petition, he should have withdrawn as counsel. Though [*Greer*, 212 Ill. 2d at 211], allows postconviction counsel to withdraw when the allegations of the petition are without merit and frivolous, it does not compel withdrawal under such circumstances. *Id*. ('the Act presents no impediment to withdrawal of counsel'). Whether postconviction counsel stood on the *pro se* petition or withdrew as counsel is a distinction without a difference." *Id*. ¶ 12.

¶ 33     In *People v. Bass*, 2018 IL App (1st) 152650, the postconviction counsel filed a Rule 651(c) certificate and found the defendant's *pro se* postconviction petition adequately stated the defendant's contentions of constitutional deprivations, and declined to amend the petition. *Id*. ¶ 7. The State moved to dismiss and counsel did not file a written response. Rather, counsel stood on the petition, but informed the court that he had attempted to obtain witness affidavits and was unsuccessful. *Id*. ¶ 8. The trial court dismissed the defendant's petition. *Id*. ¶ 9.

¶ 34     On appeal, the defendant argued that he received unreasonable assistance from postconviction counsel and that counsel should have either amended the petition with witness affidavits, explain their absence or moved to withdraw. *Id*. ¶ 10. The reviewing court considered *Greer* and then rejected the defendant's claim.

> "[I]f the lawyer appointed to represent a postconviction petitioner determines, after fulfilling his or her obligations under Rule 651(c), that the petition cannot be amended, defendant has received the reasonable assistance of counsel the Act contemplates and his entitlement to the assistance of counsel is at an end. [Cite.]

14

And whether appointed counsel elects to withdraw and inform the court of the

reasons why the petition lacks merit or instead elects to stand on the *pro se*

petition, the result is the same; defendant's unamended petition will be

dismissed." *Id*. ¶ 20.

Defendant in the present case acknowledges the contrary holding in *Bass* and argues that the case

failed to follow United States Supreme Court law, citing *Greer*, but offers no further explanation

regarding the alleged contrary precedent.

¶ 35   We find these cases to be well reasoned and agree with their conclusions. Contrary to

defendant's contention, *Greer* merely allows an attorney to move to withdraw when faced with a

frivolous postconviction petition, however it does not require such a motion. As stated in these

cases, when a postconviction counsel finds a defendant's petition to be frivolous, the attorney

may choose to stand on the defendant's petition or move to withdraw. Therefore, an attorney's

decision to stand on a defendant's *pro se* postconviction petition, by itself, does not support a

claim for unreasonable assistance.

¶ 36   We next consider whether postconviction counsel provided reasonable assistance under

the facts of this case. If a postconviction petition is not filed within the applicable limitations

period, the Post-Conviction Act requires the petitioner to allege facts showing the delay was not

due to his or her culpable negligence. 725 ILCS 5/122-1(c) (West 2016). "Absent allegations of

lack of culpable negligence, the Act directs the trial court to dismiss the petition as untimely at

the second stage upon the State's motion." *Perkins*, 229 Ill. 2d at 43 (citing 725 ILCS 5/122-1(c)

(West 2002)). Rule 651(c) requires counsel to amend an untimely *pro se* petition to allege any

available facts necessary to establish that the delay was not due to the petitioner's culpable

15

negligence. *Id*. at 49. "Counsel must also allege any excuse for the delay in filing apparent from the pleadings and the portions of the record counsel must review to present petitioner's claims." *Id*. at 49-50.

¶ 37      However, the supreme court's analysis did not end there. The *Perkins* court then considered whether the postconviction attorney's representation complied with Rule 651(c). "[W]hen an attorney files a certificate under Rule 651(c), the attorney is officially representing to the court that the duties listed in the certificate have been fulfilled." *Id*. at 50. There, the attorney filed a Rule 651(c) certificate indicating counsel's compliance with the rule and "specifically asserted that no amendments were necessary for an adequate presentation of petitioner's contentions." *Id*. The supreme court noted that while the attorney's argument "may not have been particularly compelling," there was "nothing in the record to indicate that petitioner had any other excuse showing the delay in filing was not due to his culpable negligence." *Id*. at 51. The court concluded that "nothing in the record on appeal contradicts counsel's certificate asserting that there were no amendments necessary for adequate presentation of petitioner's claims. Accordingly, we must give effect to counsel's official representation that he complied with Rule 651(c)." *Id*. at 52.

¶ 38      Here, defendant does not contest that his petition was untimely, but asserts that postconviction counsel should have amended the petition to allege the delay was not due to defendant's culpable negligence. However, as pointed out above, the trial court did not dismiss defendant's petition as untimely. Rather, the trial court reviewed defendant's claims and found the claims lacked merit. Thus, the court concluded that defendant had failed to make a substantial showing that his constitutional rights were violated. We fail to see how counsel could

be unreasonable on the basis that he failed to add additional support for the untimeliness when the court did not dismiss on this basis. See *Cotto*, 2016 IL 119006, ¶ 50 (in which the supreme court found "no deficiency in postconviction counsel's representation" where "the record demonstrate[d] that defendant's petition was not dismissed as untimely," but rather "the trial court reviewed defendant's claims on their merits with no mention of the petition's late filing").

¶ 39 Additionally, defendant does not support his claim with any factual allegations that counsel could have offered to explain why he was not culpably negligent. In his Rule 651(c) certificate, counsel represented that "there is nothing that can be added by an amended or additional supplemental petition." Our review of the record does not disclose any facts that would suggest defendant's petition was untimely for any basis other than his culpable negligence. See *Cotto*, 2016 IL 119006, ¶ 50 ("Notably, defendant fails to explain what additional information should have been included by counsel in regard to the timeliness issue"). As in *Perkins*, we find nothing to rebut the presumption that postconviction counsel complied with Rule 651(c) and provided reasonable assistance on this claim.

¶ 40 Defendant next contends that his postconviction counsel did not sufficiently comply with Rule 651(c) because he was not sufficiently familiar with the record. During the dismissal hearing, counsel referred to a transcript page that defendant had appended to his petition and stated that he believed the page was from defendant's sentencing hearing, but referred to posttrial counsel by name rather than defendant's trial counsel. However, when the entire proceedings are viewed in context, the record fails to support defendant's claim.

¶ 41 During the hearing, postconviction counsel referred to the individual pages from the trial court proceedings that defendant attached to his *pro se* postconviction petition. In this discussion, counsel discussed his review of the entire trial court proceedings.

"POSTCONVICTION COUNSEL: Your Honor, I reviewed a copy of the appellate trial transcript which I have back in my office Downtown. Before your Honor –

THE COURT: When you say trial transcript, are you saying there was a trial ever?

POSTCONVICTION COUNSEL: In the trial court. The report of proceedings before the trial court. I have a copy of a report of proceedings before the trial court and the common law record. I can deliver those documents to the court."

The court then observed that defendant had attached three pages from the trial court transcripts, but the excerpt did not include a date.

"POSTCONVICTION COUNSEL: Yes, your Honor.

My client has provided the information that he feels is relevant and attached that to his post-conviction petition.

THE COURT: And you have adopted it.

POSTCONVICTION COUNSEL: I have a report of proceedings for the entire trial matters in my office, and before your Honor makes a ruling I can provide that.

THE COURT: I know.

But what you are relying upon is something that I am asking you for

clarification upon as to when this occurred and how it supports any basis of a

deprivation of his constitutional rights in a post-conviction hearing.

POSTCONVICTION COUNSEL: The client has included in his affidavits

his deprivations of constitutional rights."

¶ 42    The parties then discussed the dates of the transcript excerpt pages. The court then

continued with the following request to postconviction counsel.

"THE COURT: So you have those transcripts from the trial proceedings

that occurred during the course of this post-trial motions; is that correct?

POSTCONVICTION COUNSEL: Yes, your Honor.

THE COURT: So you have the ability to get those to me and provide

those to me so I could review those in their entirety?

POSTCONVICTION COUNSEL: Yes."

Following this colloquy, the court then took the matter under advisement, noting that it would

review the transcripts before its ruling.

¶ 43    From this discussion, defendant concludes that his postconviction counsel failed to

adequately examine the transcripts to properly represent him. We disagree. Counsel showed that

he was familiar with defendant's claims as well as the complete transcripts of the proceedings.

Defendant's contention regarding a brief misstatement of the names of defendant's trial and

posttrial attorneys does not rebut the presumption that counsel fully examined the record and

transcripts. Counsel offered to provide the complete transcripts to the trial court and nothing in

the record suggests that counsel failed to do so. Defendant fails to offer any argument regarding

19

the presumption of substantial compliance after an attorney files a Rule 651(c) certificate. Nothing in the record contradicts counsel's statement in his Rule 651(c) certificate that he examined the record for defendant's case. Accordingly, we presume that postconviction counsel provided reasonable assistance to defendant where he reviewed the record and could not or did not need to make any amendments to the petition to adequately present defendant's claims.

¶ 44    Based on the foregoing reasons, we affirm the decision of the circuit court of Cook County.

¶ 45    Affirmed.